[Civ. No. 1014. First Appellate District.—June 27, 1912.]

## WESTERN PACIFIC LAND COMPANY, a Corporation, Respondent, v. EDGAR M. WILSON, Appellant.

ACTION FOR MONEY RECEIVED—DEDUCTION FOR SERVICES—NEW TRIAL— MOTION ON MINUTES—INSUFFICIENT EVIDENCE—NOTICE NOT SPECI- FYING PARTICULARS—ERROR.—In an action for money had and re- ceived by an attorney to plaintiff's use, in which the attorney pleaded and sustained a large deduction for the value of his ser- vices to plaintiff, and payment of the residue, and the verdict was for the defendant, and the plaintiff moved for a new trial on the minutes of the court, as provided in subdivision 4 of section 659 of the Code of Civil Procedure, but the notice of the motion failed to specify any particulars wherein the evidence was insufficient to prove the value of the services so deducted, as required by that section, it was error for the court to grant a new trial for insuffi- ciency of the evidence to justify the verdict in that regard.

ID.—CHECK FOR RESIDUE GIVEN AS PAYMENT—CASH ON DEPOSIT—RE- TENTION AFTER SUBSEQUENT INSOLVENCY OF BANK—QUESTION FOR JURY—ERRONEOUS INSTRUCTION.—Where defendant gave a check for the residue for payment, when defendant had a large sum on deposit in a bank, at a time when it might be promptly cashed, but it was retained by plaintiff for about one month without pres- entation, until after the insolvency of the bank, the question whether such check was retained for an unreasonable time, and whether it had effect as a payment, is a question to be left to the jury; and it was error to instruct them as matter of law that the giving and retention of the check did not amount to payment, and that the jury should disregard all evidence as to the check.

ID.—DUTY OF CREDITOR AS TO CHECK GIVEN AS PAYMENT—EFFECT OF UNREASONABLE DELAY.—Where a check is given as payment, unless it is refused, if the payee does not wish to cash it, it is his duty to return it, and unreasonable delay in returning it may make it equal to payment.

ID.—EFFECT OF ERRONEOUS AND CONFLICTING INSTRUCTIONS — NEW TRIAL.—The disregard by the jury of an erroneous instruction is not ground for a new trial; and where the instructions are contradictory, and other instructions would justify the verdict as rendered, the verdict cannot be disturbed on account of an erroneous instruction in conflict therewith, which cannot render the verdict against law, as a ground of new trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Powell & Dow, for Appellant.

Humphrey & Hubbard, and Wm. P. Hubbard, for Respondent.

HALL, J.—This is an appeal by defendant from an order granting plaintiff's motion for a new trial.

Plaintiff, sued defendant to recover the sum of $5,500 had and received by defendant for the use and benefit of plaintiff.

Defendant answered, and without denying the receipt of the $5,500, set up by way of counterclaim a demand for the sum of $4,145.75 as and for the reasonable value of certain services rendered by defendant to plaintiff as its attorney for a period of three and a half years, and further alleged that on the fourteenth day of October, 1907, he paid to plaintiff the sum of $1,404.25, which was the difference between the said sum of $5,500 and the amount alleged and claimed as the reasonable value of defendant's services to plaintiff, and prayed that plaintiff take nothing by its action.

The jury rendered a verdict for the defendant.

The plaintiff in due time gave notice of its intention to move for a new trial, to be heard upon the minutes of the court, which was afterward made and granted.

The verdict of the jury, being for the defendant, necessarily was in effect a finding that defendant rendered the services as alleged in his answer, and that the reasonable value thereof was $4,145.75, and that defendant had paid to plaintiff $1,404.25, the difference between $5,500, claimed by plaintiff, and said sum of $4,145.75 set up as a counterclaim.

In its notice of intention to move for a new trial respondent set forth as grounds for its intended motion all the statutory grounds, but there is absolutely nothing in the record to justify the order on any one of the first six grounds specified, and no claim has been made in this court in support of any of said grounds.

The seventh ground is set forth as insufficiency of the evidence to justify the verdict in certain enumerated particulars.

Both appellant and respondent have discussed the question as to the sufficiency of the evidence to support the implied

finding that the reasonable value of the services rendered by defendant to plaintiff was $4,145.75; but appellant in his opening brief also makes the point that the specifications of the insufficiency lay no basis for the contention that the services rendered by defendant to plaintiff were not of the value of $4,145.75.

An examination of the record convinces us that this point must be sustained.

Section 659 (subdivision 4), Code of Civil Procedure, provides that: "When the motion is to be made on the minutes of the court, and the ground of the motion is the insufficiency of the evidence to justify the verdict or other decision, the notice of motion must specify the particulars in which the evidence is alleged to be insufficient. . . . If the notice does not contain the specifications here indicated, when the motion is made on the minutes of the court, the motion must be denied."

In the notice of motion the seventh ground is stated as "Insufficiency of the evidence to justify the verdict in the following particulars: (a) In that the undisputed evidence and admissions on the part of the defendant showed that the defendant had in his possession at the time of the commencement of the action and at the time of the trial the sum of $5,500, of which sum the defendant claimed for his legal services only the sum of $4,145.75, and no more, and that under the verdict of the jury as rendered, namely in favor of the defendant, the defendant is awarded the full $5,500."

This is in no sense an attack on the sufficiency of the evidence to support the implied finding that the services were of the value of $4,145.75. It is a statement that the defendant claimed for his services the sum of $4,145.75, and no more, which is true. It seems to be also a statement that by the verdict in favor of defendant, the defendant was awarded for his services the full sum of $5,500, which is not true. By the verdict the jury in effect found the value of the services to be $4,145.75, and also found that the defendant had paid the difference between $5,500 and $4,145.75, to wit, the sum of $1,404.25, to plaintiff as alleged in his answer.

This particular specification does not hint at any attack upon the sufficiency of the evidence to support the implied

finding that the services rendered were of the value claimed by defendant, to wit, the sum of $4,145.75.

Under (b) is set forth another specification in all essentials similar to the one under (a). It does not hint at any attack on the evidence as insufficient to support a finding that the reasonable value of the services rendered by defendant was $4,145.75.

Other specifications follow under various subheads, but none of them hint or suggest that the evidence does not support the implied finding that the reasonable value of the services was the sum of $4,145.75.

These specifications, if they do anything, raise the point that the verdict for the defendant was contrary to law in that it was contrary to an instruction given by the court to the effect that the jury should disregard all evidence as to a check for the sum of $1,404.25 drawn by defendant, payable to plaintiff, and by him claimed to have been in payment of the balance in his hands at the time the check was given.

The order of the court granting the new trial cannot be justified or supported upon any claim that the evidence does not support the verdict or the finding implied therefrom as to the value of the services rendered by defendant to plaintiff, as the specifications are wholly insufficient to raise this point.

The only other point that can be, or that is, urged in support of the order is the claim that the verdict is contrary to law in that the jury, in rendering the verdict, disregarded an instruction given by the court to disregard the evidence as to the check above referred to.

The evidence discloses that on or about the fourteenth day of October, 1907, defendant, who was a director of plaintiff, as well as its attorney, delivered to the secretary of plaintiff an account of services rendered by him for plaintiff, including moneys collected, and an itemized bill for such services, together with his check, drawn on the California Safe Deposit & Trust Company, and payable to plaintiff, for the balance shown to be due plaintiff, after deducting the amount of his bill from the amount of money ($5,500) in his hands belonging to plaintiff. This account, bill and check were presented to the board of directors on the twenty-second day of October, 1907, but no final action was taken thereon at that time, but the matter seems to have been held for investigation. The

check was not cashed, though retained in the possession of plaintiff. Subsequently, on the thirtieth day of October, 1907, the California Safe Deposit & Trust Company closed its doors as insolvent. At the time of drawing the check and ever since defendant had on deposit to his credit with said company upward of $10,000. The evidence tends to show that subsequent to November 19, 1907, which was after the closing of the bank, plaintiff offered to return the check to defendant. Subsequently it sued for the full amount of $5,500 received by him for plaintiff.

Under this state of the evidence and the record as hereinbefore set forth as to the pleadings, the court instructed the jury to disregard entirely the evidence as to the check. While the instruction upon this point is not perhaps as clear as it might be, the instruction seems to have been intended to prevent the jury from giving or allowing defendant any credit for the amount thereof as a payment on account of the $5,500 admitted to have been received by him for plaintiff. Nevertheless the court instructed the jury that "There are two possible verdicts that you may render. One might be: 'We, the jury in the above-entitled action, find a verdict in favor of the defendant.' The other possible form is: 'We, the jury in the above-entitled action, find a verdict in favor of the plaintiff in the sum of ——,' putting down so many dollars accordingly as may be your verdict." The court further stated that it in no way intimated which of these verdicts the jury should select, but stated, "That is entirely for you."

Under these latter instructions it is clear that the jury were authorized to find the verdict which they in fact rendered. The most that can be said is that the instructions were contradictory, and the case does not come within the reason of the rule laid down in *Emerson* v. *Santa Clara County*, 40 Cal. 543. (*Altoona Q. M. Co.* v. *Integral Q. M. Co.*, 114 Cal. 100, 103, [45 Pac. 1047].)

But if it can be said that the verdict of the jury was contrary to the instruction given by the court to disregard all evidence as to the check, it does not necessarily follow that a new trial should or could have been properly granted on account thereof. While at one time it was held that a verdict rendered in disregard of an erroneous instruction was a ver-

dict against law, and as such entitled the defeated litigant to a new trial (*Emerson* v. *Santa Clara Co.,* 40 Cal. 543), such is no longer the rule followed in this state.  The rule now is that a new trial should not be awarded because of the disregard by the jury of an erroneous instruction.  (*O'Neill* v. *Thomas Day Co.,* 152 Cal. 357, [14 Ann. Cas. 970, 92 Pac. 856].)

This brings us to an examination of the instruction which it is claimed by respondent that the jury disregarded in its verdict.

This instruction in effect directed the jury to disregard all evidence concerning the check.  But it was the giving of this check by defendant, and its subsequent retention by plaintiff, that defendant claimed amounted to a payment.  The court determined as a matter of law that the giving and retention of the check under the circumstances disclosed by the evidence did not amount to a payment.  In this we think that the court erred, and the instruction as given was erroneous and not a correct charge as a matter of law.

The check was given and offered as payment.  The plaintiff retained the check, without expressly refusing it, for about one month and until after the bank had closed its doors as insolvent.  Under such circumstances we think it should have been left to the jury to determine, under proper instructions from the court, whether or not the giving and retention of the check had the effect of payment.

Where a check is given as payment, unless it be refused, it is the duty of the creditor to return it, and unreasonable delay in returning a check may make it equal to payment. (*Conde* v. *Dreisam Gold M. Co.,* 3 Cal. App. 583, 589, [86 Pac. 825].)

Whether or not plaintiff in this case had kept the check for an unreasonable time was a question for the jury to determine, and was not a matter that should have been determined as a matter of law by the court.  The fact that the check was not returned or offered to be returned until after the failure of the bank is significant, and may account for this litigation.

No other grounds are urged or can be urged upon the record before us to justify the order granting a new trial.

The order cannot be sustained because of any insufficiency of evidence to support the verdict, because of want of any

specification of particulars of insufficiency that even hints at the attack attempted to be made as to insufficiency of evidence, and for the reasons above set forth the verdict is not against law.

The order is reversed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 27, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 26, 1912.