[Civ. No. 4182. Second Appellate District, Division One.—February 21, 1924.]

## SOUTHERN PACIFIC LAND COMPANY (a Corporation), Respondent, v. W. W. DICKERSON, Appellant.

[1] PUBLIC LANDS—TOWNSHIP PLATS—LANDS INCLUDED—CONCLUSIVE EVIDENCE—INSTRUCTIONS.—In an action to quiet title to certain lands, where plaintiff's title is based upon a patent issued in pursuance of a grant by the United States to plaintiff's predecessor, the Southern Pacific Railroad Company, in the absence of evidence to the contrary, plats of the government survey and resurvey of the township, showing that the lands in question are included within said grant, are conclusive upon the subject, and the jury is properly so instructed.

[2] NEW TRIAL—CONFLICTING INSTRUCTIONS.—Where there is a decided conflict in the instructions to the jury upon a material and vital point in the case, a new trial should be granted.

[3] ID.—DISREGARD OF INSTRUCTIONS.—The disregard by the jury of an erroneous instruction does not constitute legal ground for granting a new trial; but where an instruction is proper and legal, its disregard by the jury, as shown by its verdict, constitutes such a prejudicial error to plaintiff's rights that the granting of a new trial is correct and proper.

APPEAL from an order of the Superior Court of Imperial County granting a new trial. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

O. V. Willson, A. C. Verge and J. B. Joujon-Roche for Appellant.

Frank Thunen for Respondent.

HOUSER, J.—The Southern Pacific Land Company, a corporation, brought a suit against defendant Dickerson for the purpose of quieting title to and recovering possession of certain land in Imperial County, California, and for damages for withholding possession of said land. The answer of defendant specifically denied the material allegations of the complaint and, in addition, interposed the de-

fense of the statute of limitations and pleaded title by adverse possession. The cause was tried before the court sitting with a jury and a general verdict was returned in favor of the defendant. Plaintiff made a motion for a new trial, based principally upon the insufficiency of the evidence to justify the decision; that the decision was against law, and on account of errors occurring at the trial. From an order granting a motion for new trial defendant appeals.

The controversy involves the ownership of certain real property described as being part of tract 188 of township 13 south, range 14 east, San Bernardino meridian. It appears that a part of the grant made by the United States government to the Southern Pacific Railroad Company included section 5 of the said township, and the principal question to be decided in the suit was whether or not tract 188 was a part of said section 5. Plaintiff showed title to tract 188 through a United States patent therefor granted to plaintiff's predecessor in interest, and introduced in evidence copies of United States government official instructions and plats of the survey and the resurvey of the township, which showed that tract 188 was a part of section 5. Some years before the suit was commenced defendant had filed two separate desert land entries on the land involved herein, but each of said entries had been rejected by the commissioner of the general land office, and defendant's alleged adverse possession of the property rested entirely upon physical possession.

The following is one of the instructions given to the jury:

"You are instructed that the official township plats in evidence are conclusive in this case, that the plat approved May 2, 1913, designated Tract 188 of Township thirteen (13) South, Range fourteen (14) East, S. B. M., as original section 5 of the same township and range, by the original survey of 1856.

"You are further instructed that the patent No. 101 issued by the United States of America to Southern Pacific Railroad Company on November 9th, 1915, is conclusive evidence in this case of title and right of possession in the patentee, and you are instructed that by the stipulation of counsel all right of Southern Pacific Railroad Company under said patent is vested in plaintiff Southern Pacific Land Company."

However, the jury was also instructed as follows:

"You are instructed that if you believe from the evidence that the grant, under which the patent, read in evidence, was issued, did not include the particular tract of land involved in this action, then you must find for the defendant."

The following instruction was also given to the jury:

"You are further instructed that the admitted possession by defendant of the land in suit, if at all times mentioned in the complaint has been wrongful; that the measure of damages for wrongful possession of said real property is the value of the use of said property during the period of said wrongful possession, which in this case must date from the acquisition of title and right of possession by plaintiff, to wit: March 6, 1912. You are therefore instructed to determine from the evidence the value of said use and occupation of said land by defendant from March 6, 1912, and give a verdict accordingly."

The case of *Southern Pacific Land Co.* v. *Meserve,* 186 Cal. 157 [198 Pac. 1055] was a quiet-title suit involving the same tract as is here in litigation. In that case, as here, the defendants' only claim rested upon a desert land entry which, like the two claims of the defendant in the instant case, had been rejected by the commissioner of the general land office. The evidence of plaintiff's title was identical with that introduced here, and defendants there made no attack upon either of the surveys or other evidence adduced by plaintiff. Among other things, the court, by Justice Shaw, said: "The evidence shows a straight chain of title to the plaintiff based on a patent from the United States to the Southern Pacific Railroad Company, executed on November 9, 1915. . . . The patent from the United States to the Southern Pacific Railroad Company included the particular tract in controversy as a part of tract 188 in township 13 south, range 14 east, San Bernardino meridian. . . . There is a presumption that official duty has been duly performed. Since the proper officers of the United States selected and listed this land as a part of the land covered by said grant and issued the patent accordingly, the patent itself is *prima facie,* and in this form of action perhaps conclusive, evidence that the land was included in an odd-numbered section according to the survey of 1856, the survey

in force at the date of said acts, if that fact was necessary to the validity of the patent. If in a collateral attack, such as the one here made, the patent is conclusive upon this point, there is no more to be said. If it is only *prima facie* evidence of the fact, it is sufficient, for in that event it puts the burden on the defendants to prove the contrary, and they introduced no evidence on the subject. . . . Furthermore, the only interest which the defendants claim in defense was under a desert land entry made by Alvin R. Meserve in 1907, and the evidence shows that on appeal by Meserve to the Secretary of the Interior this entry was canceled on February 28, 1912, prior to the completion of said resurvey and prior to the issuance of the patent to the Southern Pacific Railroad Company. It would seem, therefore, that whatever may be the state of the title of the plaintiff, the defendants had no title whatever except such as comes from the bare possession at the time said resurvey was made and hence the same could not impair their rights. Under any view of the case, therefore, the finding that the title was in the plaintiff was fully sustained by the evidence.''

Neither was there any direct attack made by the defendant here against either of the surveys. In the reply brief of appellant, wherein answer is made to the claim of respondent that error was committed by the trial court in permitting certain questions to be asked of witnesses attacking the validity of the several surveys, it is admitted by appellant that ''these questions did not attack the validity of the so-called survey; they simply show that the so-called survey was not a resurvey but a supplement to the resurvey of 1908 by which supplement certain claims were segregated and certain tracts of the resurvey of 1908 were described by a new number.''

[1] Adopting, then, the rule announced in the Meserve case that in the absence of any evidence to the contrary, the surveys are conclusive, it would follow that no error was committed by the trial court in its instructions to the effect that the official township plats were conclusive of the fact that the land in question was a part of section 5.

It is conceded by counsel representing appellant herein that a decision is ''against law'' when it is contrary to the instructions. One of the instructions under consideration

tells the jury that the plats are conclusive evidence that tract 188 is a part of section 5, and that plaintiff's title and right to possession under the patent, etc., are also conclusive. The second instruction informs the jury that if they believe to the contrary of what they were informed in the former instruction was conclusive, they must find for defendant; and the third instruction tells the jury that the possession by defendant "at all times mentioned in the complaint has been wrongful," and that the jury must return a verdict against defendant for the value of the use of the property during the time defendant had possession of it. **[2]** It is apparent that there is a decided conflict in the instructions to the jury upon a material and vital point in the case. The rule in such circumstances is that a new trial should be granted. (*Rathbun* v. *White,* 157 Cal. 253 [107 Pac. 309]; *Sappenfield* v. *Main St. Ry. Co.,* 91 Cal. 48 [27 Pac. 590]; *Estate of Cunningham,* 52 Cal. 465.) **[3]** Had the instruction been erroneous, its disregard by the jury would not constitute legal ground for granting a new trial. (*O'Neill* v. *Thomas Day Co.,* 152 Cal. 361 [14 Ann. Cas. 970, 92 Pac. 856]; *Lucas* v. *Walker,* 22 Cal. App. 305 [134 Pac. 374, 379]; *Western Pacific Land Co.* v. *Wilson,* 19 Cal. App. 343 [125 Pac. 1076].) But where, as here, the instruction was proper and legal, its disregard by the jury, as shown by its verdict, constituted such a prejudicial error to plaintiff's rights that the granting of a new trial was manifestly correct and proper in the premises.

The order granting the motion for a new trial is affirmed.

Conrey, P. J., and Curtis, J., concurred.