C. I. T. CORPORATION, Respondent, *v.* M & T TRUST COMPANY, Appellant.

Fourth Department, June 27, 1934.

*Locke, Babcock, Hollister & Brown* [*George A. Newbury* of counsel], for the appellant.

*Saperston, McNaughtan & Saperston* [*Omar G. Olds* and *Alfred M. Saperston* of counsel], for the respondent.

PER CURIAM. To prove its cause of action, plaintiff produced a witness who testified that he had informed defendant bank's assistant secretary that most of the moneys deposited to the credit of the Stephens Automobile Corporation in defendant bank were in fact the property of plaintiff. Defendant's assistant secretary denied ever having received such information. There were certain check vouchers in evidence on the back of which appeared the notation, " This check pays in full the following items — Trust receipt," after which there appeared numbers and amounts. The court submitted the question of the defendant's knowledge of the character of the deposits to the jury with an instruction that " You are to take into consideration the checks that pass back and forth and their contents both the front side and the reverse side," on the question of defendant's knowledge of the deposit of trust funds in the account. Appellant excepted. We think this was error, and that, in the circumstances, it was harmful. The notation on the checks bore no relation to the business of the bank with its depositor. It did not affect the validity or purpose of the checks, nor the status of the deposit or account. It was solely for the convenience of the depositor. It carried neither knowledge nor notice putting the bank upon its inquiry as to the character of the deposit. (State National Bank v. Dodge, 124 U. S. 333; Childs v. Empire Trust Co., 54 F. [2d] 983.)

In case of another trial, it should be noticed that the avails of the conditional sales contracts, which the automobile corporation discounted with the finance company (plaintiff), and that were deposited in defendant bank, were not trust funds. The trust receipts were paid and taken up in full by checks given by the automobile corporation to the finance company. These notes had no part in that transaction, the amounts for which they were given being covered by the payments essential to and effecting the taking up of the trust receipts. Moreover, the notes, or the moneys they represented, were not deposited in defendant bank at any time, as or being the property of the plaintiff.

The judgment should be reversed on the law and a new trial ordered, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.