[S. F. No. 15090. In Bank.—July 30, 1934.]

A. DON DUNCAN, Appellant, v. STANDARD ACCIDENT INSURANCE COMPANY (a Corporation), Respondent.

386

A. Don Duncan, *in pro. per.,* and Percy A. Smith for Appellant.

Myrick & Deering and Scott and Jas. J. Harrington for Respondent.

Everett W. Mattoon, County Counsel (Los Angeles County), and J. F. Moroney, Deputy County Counsel, as *Amici Curiae* on Behalf of Appellant.

CURTIS, J.—The Dunn-Williams Company, a copartnership consisting of W. F. Dunn and J. A. Williams and one John A. Clecak, the original plaintiffs in this action, had claims against the defendant based upon two written undertakings executed by the defendant in an action in which said three original plaintiffs were parties. They instituted this action to recover on said undertakings. Thereafter and before judgment said John A. Clecak assigned all his interest in said claims to his two coplaintiffs. A default judgment was subsequently rendered against the defendant in this action which was set aside by the trial court, and the plaintiffs appealed. Pending the appeal, the said John A. Clecak assigned to his two coplaintiffs all his interest in and to said judgment. The District Court of Appeal reversed the order setting aside the default judgment. Thereafter and before the return of the *remittitur,* Mrs. Nancy B. Fitzgerald, a judgment creditor and the former wife of said John A. Clecak, had an execution issued upon a judgment in her favor and against said John A. Clecak, and placed in the hands of the sheriff who levied upon the defendant in an attempt to garnishee any money in the defendant's possession belonging to said John A. Clecak. Immediately thereafter the Dunn-Williams Company served upon the sheriff a third-party claim. The next day they assigned their judgment to the plaintiff in this action and he was substituted as plaintiff herein in the place of the Dunn-Williams Company. Plaintiff thereupon served a third-party claim upon the sheriff claiming to be the sole owner of said judgment and entitled to the money due thereunder. The sheriff, after the service

of these third-party claims, notified Nancy B. Fitzgerald, the said judgment creditor, of the service upon him of said third-party claims, and demanded in writing that said judgment creditor indemnify or secure him by the execution of the undertaking provided for by the terms of section 689 of the Code of Civil Procedure. The said Nancy B. Fitzgerald neglected and refused to comply with said demand, whereupon the sheriff returned to defendant the money paid to him by the defendant and notified the defendant that the same was released from the levy of said execution and returned said execution. The defendant retained said check of the sheriff for a period of fifteen days, and then returned said check to the sheriff. Thereupon defendant upon notice to the plaintiff moved the court for a satisfaction of said judgment, which motion was granted, and the plaintiff has taken an appeal from the order granting said motion, and the same is now before us for decision.

Upon the hearing of said motion the court sustained an objection to plaintiff's offer in evidence of the two third-party claims above referred to. ■ In support of the action of the trial court in denying admission in evidence of said third-party claim, the respondent contends that said claims were not, nor was either of them, verified by the oath of the claimant as required by section 689 of the Code of Civil Procedure, but were merely acknowledged before a notary public. The claims are before us, and an inspection of them shows the fallacy of this contention of respondent. It is true that the form of verification used by the claimants is not that usually employed in the verification of pleadings. However, it has none of the characteristics of an acknowledgment. The claims themselves are in the form of affidavits, each of them beginning after the name of the affiant with the words, "being first duly sworn, deposes and says". The facts upon which the claim is based are then set forth in a proper and sufficient statement. Each claim bears the signature of the affiant, followed by the jurat of the notary public, duly signed by such officer. The section of the code above referred to prescribes no set form either of the claim or of its verification. The claims were in due form and should have been admitted in evidence, if material. (*McCaffey Canning Co.* v. *Bank of America,* 109 Cal. App. 415, 420 [294 Pac. 45].)

We will now proceed to a discussion of the materiality of said claims. ▮ It was the appellant's contention that the money garnisheed by the sheriff had been released by him by reason of these third-party claims and the judgment creditor's failure to furnish the undertaking required by said section 689. The claims therefore were necessary links in the chain of appellant's evidence. In our opinion, they were material evidence in the proceeding before the court, and respondent's objection to their admission should have been overruled.

▮ Respondent contends, however, that notwithstanding the refusal of the trial court to admit these claims in evidence, it is entitled to have said judgment satisfied for the reason that it had paid said judgment in full. In other words, the respondent claims that it paid to the sheriff under a valid execution against one of the judgment creditors, John A. Clecak, the full amount of the judgment in this action without any notice or knowledge that Clecak had assigned his interest in said judgment to his coplaintiffs, or to any other person, and therefore respondent was entitled to have said judgment satisfied of record. Appellant claims that defendant through its attorney had knowledge and notice that Clecak had no interest in said judgment and that said judgment was in its entirety owned by his coplaintiffs. We will not, however, discuss that phase of the case nor rest in any manner our decision thereon. While respondent did in the first instance pay to the sheriff the amount of said judgment under an execution against John A. Clecak alone, yet the record conclusively shows that the sheriff returned the money paid him by the defendant, and notified the defendant that the property levied upon had been released. In this proceeding the sheriff acted in strict compliance with the terms of section 689 of the Code of Civil Procedure, which provides that when property levied upon is claimed by a third party the sheriff must release the property if the judgment creditor, after notice and demand, fails to give to the sheriff an undertaking with two good and sufficient sureties in double the value of the property levied on. The property having been released from the levy of said execution, and the money collected thereon having been returned to the respondent with written notice of such release, the respondent was restored to

the condition in which it was before the levy upon it of said execution. The judgment against it was still unpaid.

Some question is raised by respondent as to the repayment of said money to it by the check of the sheriff. No objection was made at the time said check was received by respondent, or at any other time, to the sheriff's check, or to the payment by means of said check. No claim is made that said check would not have been paid in full had respondent presented it for payment to the bank on which it was drawn. Respondent, therefore, waived any objection which it might have had to accepting said check, by its failure to make an objection at the time it received the check, or at a reasonable time thereafter. (Sec. 1501, Civ. Code; *Stevens* v. *Hines,* 63 Cal. App. 80, 84 [218 Pac. 57]; *Conde* v. *Dreisam Gold Min. Co.,* 3 Cal. App. 583, 588 [86 Pac. 825]; *Western Pacific Land Co.* v. *Wilson,* 19 Cal. App. 338, 343 [125 Pac. 1076].)

No claim is made by respondent that the judgment was paid by it when it returned to the sheriff his check some fifteen days after its receipt by the respondent. This return of the check to the sheriff could not have the effect of satisfying the judgment for two reasons. In the first place, after its receipt of said check and before the return of said check to the sheriff, the plaintiff served upon respondent notice of the assignment of the judgment herein to the plaintiff and that John A. Clecak had no interest in said judgment or any money due thereon. After the receipt of such notice by the respondent, any attempt to pay the money due on said judgment to any person other that the plaintiff would be at the peril and risk of the respondent. In the second place, the sheriff had returned the execution against John A. Clecak, and at the time said check was returned to him, the sheriff had no execution which would authorize him to receive said check, or to take possession of any other property in satisfaction of the judgment in the action out of which the execution issued. The power and authority of the sheriff under said execution terminated with the return of said execution to the office of the clerk issuing the same.

Finally respondent contends that appellant is bound by the decision of the trial court in a *mandamus* proceeding instituted by Mrs. Fitzgerald against said sheriff, in which

the court directed said sheriff to pay over to Mrs. Fitz-gerald the money in his hands collected pursuant to the levy of execution against respondent. While it is true that the plaintiff did act as one of the attorneys for the sheriff in said action, it further appears that he was substituted out of the case before the judgment therein became final. The record fails to show that plaintiff had any right to control or direct the defense in the *mandamus* action, and unless he had practical control of the whole case on the part of the sheriff he is not estopped by the judgment in said action.

"The mere fact that a third person took part in the conduct of a case or in the trial or hearing through an agent or attorney in fact, or through counsel is not gen-erally enough to connect him with the litigation in such manner as to make the judgment an estoppel against him, unless his interference amounted to assuming practical control of the whole prosecution or defense of the action." (34 Cor. Jur., sec. 1429, p. 1009.) To the same effect is Freeman on Judgments, fifth edition, volume 1, page 943. Plaintiff, therefore, is not estopped by the judgment in the *mandamus* action from prosecuting his appeal in this case, or from asserting his rights to the judgment in this case.

From the foregoing we are firmly of the conclusion that had the trial court admitted in evidence the two third-party claims, as in our opinion it should have done, the appellant would have made out a conclusive defense to respondent's motion to satisfy said judgment. With these two third-party claims before the trial court, in addition to the other evidence admitted on said hearing, appellant's proof would have shown that the money which it claims it paid in satisfaction of the judgment herein had been returned to it, and was not applied on the satisfaction of said judgment or any part thereof. Its motion, therefore, should have been denied. This disposition of the matter may result in the double payment of the judgment by the respondent. If it has that effect, the respondent has only itself to blame for the predicament in which it now finds itself. It had every opportunity to protect itself by cashing the sheriff's check and awaiting further proceedings under the judgment in this case. Instead of taking such action, it deliberately, and after receiving notice that plaintiff claimed

to be the owner of said judgment, returned said check to the sheriff with the statement that the judgment had been satisfied "as far as the Standard Accident Insurance Company was concerned". In this conclusion, we cannot agree.

The order satisfying said judgment is reversed.

Preston, J., Langdon, J., Shenk, J., and Waste, C. J., concurred.