[Civ. No. 12278. First Dist., Div. Two. Apr. 7, 1943.]

CHARLES BENJAMIN SHARP, Respondent, v. FRED CONTI, Appellant.

W. E. Foley, James W. Foley and George Stepovich for Appellant.

Louis Oneal and Duncan Oneal for Respondent.

NOURSE, P. J.—Plaintiff sued and recovered judgment on a contract for the sale and delivery of flour.

The contract obligated the plaintiff to deliver the flour to the defendant in San Jose, California, deliveries to begin on January 1, 1938, in accordance with shipping instructions which were to be given by defendant. In April, 1938, defendant accepted a partial delivery, and, on June 10, 1938, notified the plaintiff that he would not accept further deliveries. The contract provided that, upon failure of the defendant to furnish shipping instructions, the contract would be automatically extended "until Buyer furnishes shipping instructions." On June 10, 1938, the plaintiff received from the defendant a check for $318.50 upon which was written the words "Paid in full to date." The plaintiff did not cash the check, but upon observing this notation, he had it certified and thereupon notified the defendant that he would not accept the check as payment of the money due under the contract.

In addition to his general denials of the allegations of the complaint, the defendant set up two special defenses—one pleading a failure of consideration because the flour was defective, the other pleading an accord and satisfaction because of the check transaction of June 10th. The trial court found against both of these defenses, and found in favor of the allegations of the complaint, fixing the damages at the difference between the contract price and the market price of the flour on the date of the breach of the contract.

In appealing from the judgment the appellant raises three points which we will take in order. It is first argued that the trial court erred in finding that there was no accord and satisfaction. The undisputed evidence is that at the time the check was delivered the appellant owed the respondent $145 on an overdue account covering government processing taxes, and that the balance of the check—$173.50—represented the exact amount due for flour theretofore delivered under contract. There was evidence that there was no dispute over

either of these items; there was evidence indicating that the appellant thought there was a complete settlement; there was no evidence that respondent had made a claim for any amount due on account of the undelivered part of the flour, or that the parties had any dispute on that score; but there was also evidence supporting the finding that neither party at the time treated the transaction as a full accord and satisfaction of the sale contract. The trial court accepted respondent's testimony that the check was given merely in payment of the invoice for flour delivered and for the unrelated item of processing taxes. Thus there is absent the essential elements of an accord and satisfaction—the existence of a dispute as to the amount due and the intention of the parties that the amount paid is to be accepted in extinction of the amount due. Section 1521 Civil Code; *Whepley Oil Co.* v. *Associated Oil Co.*, 6 Cal.App.2d 94, 112 [44 P.2d 670] ; 1 Cal.Jur. p. 136.

■ The appellant argues that the court erred in allowing damages for the breach computed pursuant to a liquidated damage formula inserted in the contract. The argument is weakened by an examination of the record. The respondent pleaded the liquidated damage clause of the contract. He also pleaded the difference between the contract price and the market price. Proof was made of both of these elements and the judgment went for the amount shown to have been the difference between the contract and market price, in accordance with section 1784 of the Civil Code. The amount claimed under the clause of the contract would have been four hundred dollars more than the judgment. Thus the appellant cannot complain since, if error occurred, it resulted in his benefit.

■ Finally, appellant argues that recovery cannot be had because the respondent made no tender of delivery within the time specified in the contract. Again the record fails to support appellant. The contract provided ''Time of Shipment: On directions to be furnished by Buyer shipment is to be made as follows: Jan. 1st, 1938.'' It also provided for an automatic extension of the time of delivery until such shipping instructions were given. It is conceded that no directions for shipment were furnished by the buyer, except for the small quantity which was delivered on April 11, 1938, and paid for. Appellant cites as authority for the point *Battaglia* v. *Winchester Dried Fruit Co.*, 32 Cal.App.2d 436 [90 P.2d 111]. In that case an attempt was made to vary by parol

the written terms of the contract relating to time of delivery. Here the time is fixed in the written contract—shipments were to be made only upon directions of the buyer. When appellant failed to give such shipping instructions and, on June 10th, notified respondent that he would not accept any further deliveries no tender was necessary. The fact that the contract was written on a form designed for use between millers of flour and buyers has no significance since the conceded facts clearly show that these particular provisions were intended to cover this particular transaction.

The judgment is affirmed.

Spence, J., and Dooling, J., pro tem., concurred.