**GUY JAMES CONSTRUCTION COMPANY, Plaintiff-Appellee Cross-Appellant,**

v.

**TRINITY INDUSTRIES, INC., Defendant-Appellant Cross-Appellee.**

No. 80–1322.

United States Court of Appeals, Fifth Circuit.
Unit A

July 8, 1981.

Locke, Purnell, Boren, Laney & Neely, John L. Estes, Wm. Andrew Barr, Thomas W. Hughes, Dallas, Tex., for defendant-appellant, cross-appellee.

Andress, Woodgate & Lodewick, William Andress, Jr., Dallas, Tex., for plaintiff-appellee, cross-appellant.

ON PETITIONS FOR REHEARING

(Opinion May 8, 1981, 5 Cir. 1981, 644 F.2d 525)

Before CHARLES CLARK and GEE, Circuit Judges, and SPEARS,* District Judge.

PER CURIAM:

Both parties petition this Court for a rehearing. Trinity Industries, Inc. raises, for the first time, the Uniform Commercial Code as a bar to recovery of the "time/price differential" of steel awarded to James as damages. Generally, an appellate court does not consider issues that are first presented in an application for rehearing. *See, e. g., United States v. Richards,* 646 F.2d 962, 963 (5th Cir. 1981); *Moore v. United States,* 598 F.2d 439, 441 (5th Cir. 1979). However, during oral argument this Court inquired as to the possible application of the UCC to this case, so assuming that the issue is properly before us, we construe the UCC sections relied

* District Judge of the Western District of Texas, sitting by designation.

on by Trinity to authorize the recovery of such consequential damages. *See* Tex.Bus. & Com.Code Ann. § 2.715(b) (Vernon 1968). The remaining points of error raised by both parties in their respective motions for rehearing have been thoroughly reconsidered, and are rejected.

Upon review of the opinion, however, the Court, sua sponte, concludes that the award made therein of prejudgment interest on the $102,162.43 amount of liquidated damages is erroneous. The interest period was inadvertently terminated by the district court, and subsequently by this court, as of April 6, 1976, the date of settlement (see *Guy James Construction Co. v. Trinity Industries, Inc.*, 644 F.2d 525, 532 n.3, 534 (5th Cir. 1981), rather than the date of judgment. The opinion is modified, therefore, to reflect an award of interest on $102,162.43 at six percent per annum to the date of judgment, January 31, 1980, as follows:

```
$102,162.43    at 6% for year 1       =    $   6,129.75
$108,292.17    at 6% for year 2       =        6,497.53
$114,789.70    at 6% for year 3       =        6,887.38
$121,677.08    at 6% for year 4       =        7,300.62
$128,977.70    at 6% for year 5       =        7,738.66
$136,716.36.   at 6% for year 6       =        8,202.98
$144,919.34    at 6% for 77 days      =        1,833.39
                                               _____
               Total   =    $  44,590.31
```

Except as modified herein, both petitions for rehearing are DENIED.