■ PINCUS-LITMAN CO., INC., Respondent, v CANON U.S.A., INC., Appellant. — Order of the Supreme Court, New York County (S. Ostrau, J.), entered June 21, 1983, which, *inter alia,* denied defendant's motions for summary judgment as well as for a default judgment and which also granted plaintiff's cross motion for an extension of time to reply to defendant's counterclaim, is affirmed, without costs. The commission checks sent by defendant to plaintiff which plaintiff deposited did not operate as an accord and satisfaction of the claim. The checks tendered to plaintiff Pincus-Litman Co., Inc. each had a printed box with lines in the left-hand portion of its face. The appropriate month, year, and a notation reading "Sales Rep Commissions" was added in handwriting. Above the box in extremely small print is the legend "Endorsement of This Check is Accepted in Full Payment of the Following Account". Presumably, every check issued by defendant for whatever purpose bears such a printed legend, even if it is simply a routine payment to any creditor of an undisputed bill. Initially, we note that where employed at all, this portion of a check is usually devoted to the bookkeeping records of the payor. The additional material was not placed where a recipient would normally expect a restrictive indorsement, nor was the miniscule size of the printed legend reasonably calculated to give the plaintiff notice. Examination of the check without checking the records, might well have lulled the plaintiff's employees into believing that the amount tendered was the amount sought. There was no indication that a compromise figure was being offered on a "take it or leave it basis." "An essential component of an accord and satisfaction is a clear manifestation of intent by the debtor tendering less than full payment of a disputed unliquidated debt, that the payment has been sent in full satisfaction of the disputed claim [citations omitted]" (*Manley v Pandick Press,* 72 AD2d 452, 454). In the instant case there has been no such clear intent shown, particularly where, as here, summary judgment is sought. We have examined the remaining contentions by defendant and find them to be without merit. Concur — Kupferman, J. P., Sullivan, Asch, Silverman and Milonas, JJ.