**UNITED STATES of America, for the Use of LAS VEGAS BUILDING MATERIALS, INC., a Nevada corporation, Plaintiff,**

v.

**George BERNADOT, individually; George Bernadot dba George Bernadot Construction; George Bernadot dba George Bernadot Company; and Amwest Surety Insurance Company, Defendants.**

No. CV–S–87–858 PMP (LRL).

United States District Court,
D. Nevada.

April 24, 1989.

Islands or United States law. *See* Defendant Stewart's Memorandum of Law in Support of Motion to Dismiss, at 3–4.

J. Douglas Deaner and Susan Williams Scann, Deaner, Deaner & Scann, Las Vegas, Nev., for plaintiff.

L. Ralph Denton and Joseph A. Lopez, IV, Denton & Denton, Las Vegas, Nev., for Bernadot.

Dana Jonathon Nitz, Rawlings, Olson & Cannon, Las Vegas, Nev., for Amwest.

## ORDER

PRO, District Judge.

On November 24, 1987, Plaintiff, United States of America, for the use of Las Ve-gas Building Materials, Inc., a Nevada corporation, filed a Complaint (# 1) to recover the sum of $20,682.00 due and owing for concrete supplied by Plaintiff to Defendant.

On January 27, 1989, Defendants George Bernadot, individually, George Bernadot dba George Bernadot Construction, and George Bernadot Company (hereinafter Bernadot), filed a Motion for Summary Judgment (# 21), and Defendant, Amwest Surety Insurance Company (hereinafter Amwest), filed on January 30, 1989 a Join-der to Defendant Bernadot's Motion for Summary Judgment (# 22).

Plaintiff filed an Opposition (# 23) on February 10, 1989 and Supplemental Points and Authorities in Opposition to Motion for Summary Judgment (# 24) on February 22, 1989. Defendant Bernadot filed Replies (# 25 and # 27) on March 1, 1989 and March 17, 1989 respectively, and Defendant Amwest filed a Joinder (# 26) on March 7, 1989. The parties have not requested oral argument and the Court finds oral argument is not necessary to resolve the Motion before it.

In March 1987, Defendant Bernadot and Clark County, Nevada entered into a contract requiring for Defendant Bernadot to construct a concrete tarmac for an airline terminal at McCarran International Airport. In formulating his bid, Defendant Bernadot received and accepted a bid from Plaintiff to supply Defendant Bernadot with concrete and a concrete accelerator at $44.00/cubic yard and $6.00/cubic yard respectively. Plaintiff ultimately delivered to Defendant Bernadot 2,015 cubic yards of concrete which, according to a June 23, 1987 statement issued to Defendant by Plaintiff, totalled $105,850.00.

However, only 1,877 cubic yards of concrete and 430 cubic yards of concrete accelerator were ultimately used by Defendant Bernadot. In a letter dated July 13, 1987, Defendant Bernadot informed Plaintiff that, due to the delivery of an unacceptable quantity of cement, only the aforementioned yards of concrete and concrete accelerator were utilized and that, in light of

their agreement, Defendant was obligated to pay Plaintiff $85,168.00. On July 15, 1987, Defendant tendered Plaintiff a check for the aforementioned amount which contained language on its front and back providing, in essence, that the amount forwarded was in full satisfaction of Plaintiff's claim. Subsequently, Plaintiff, after having stricken the referenced language, endorsed and deposited the check and received payment for the amount thereon.

In his Complaint, Plaintiff seeks recovery of $20,682.00, which is the difference between Plaintiff's original claim of $105,850.00 and the amount of the tendered check, together with interest and attorney's fees. In his Motion for Summary Judgment, Defendant argues that the restrictive language contained on the front and back of the tendered check indicate that the instrument was offered in full satisfaction of Plaintiff's claim and that the facts evidence an accord and satisfaction.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir.1982). However, this does not require that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the non-movant to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Richards v. Neilsen Freight Lines*, 810 F.2d 898 (9th Cir.1987).

■ "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir.1987). All facts and inferences drawn must be viewed in the light most favorable to the non-moving party, when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *State of Idaho v. Hodel*, 814 F.2d 1288 (9th Cir.1987).

■ A valid accord requires an offer, acceptance, and consideration. *Air Van Lines, Inc. v. Buster*, 673 P.2d 774 (Alaska 1983). For there to be an offer of an accord the offer must clearly indicate that the offeror seeks a total discharge, otherwise any such offer accepted merely constitutes a partial payment. *Pincus–Litman Co., Inc. v. Canon U.S.A., Inc.*, 98 A.D.2d 681, 469 N.Y.S.2d 756 (1st Dep't 1983); *Scantlin v. Superior Homes, Inc.*, 6 Kan. App.2d 144, 627 P.2d 825 (1981).

■ It is generally held that the cashing of a check amounts to an acceptance of an offer of an accord. *Teledyne Mid–America Corporation v. HOH Corporation*, 486 F.2d 987 (9th Cir.1973); *Mobil Oil Corp. v. Prive*, 137 Vt. 370, 406 A.2d 400 (1979); *See Hall v. Time Ins. Co.*, 854 F.2d 440 (11th Cir.1988). However, acceptance is effective only when the recipient of the check has been informed that the claim will be settled or discharged for the amount offered. *Rhone v. State Auto Mut. Ins. Co.*, 858 F.2d 1507 (11th Cir.1988); *Hagerman v. Yukon Energy Corporation*, 839 F.2d 407 (8th Cir.1988).

■ In addition, a good faith dispute regarding the amount owed must exist between the parties for the principles of accord and satisfaction to apply. *Limbaugh v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 732 F.2d 859 (11th Cir.1984); *Guy James Const. Co. v. Trinity Industries,*

*Inc.,* 644 F.2d 525 (5th Cir.1981), *modified* 650 F.2d 93; *HOH Corp., supra.*

The principles of accord and satisfaction apply even though the creditor has erased or obliterated the words creating the offer of the accord. *Lowrance v. Hacker,* 866 F.2d 950 (7th Cir.1989); *Rhone, supra.*

In the case *sub judice,* the record clearly indicates that there was an offer and an acceptance of an accord, as well as a good faith dispute between the litigants. The language contained on the back of the check tendered by Defendant Bernadot to Plaintiff constituted an offer of an accord. Specifically, the language provided:

> Any indorsement, negotiation and/or presentment for payment of this instrument shall constitute a waiver and release by the payee of all claims against the payor for any further payment in connection with C B 4 Ramp Expansion. Contract # 552.

Moreover, on the upper left hand corner on the front of the check the following language appears:

> YOUR ENDORSEMENT ON THIS CHECK ACKNOWLEDGES PAYMENT ON THE FOLLOWING ACCOUNT(S)

Beneath this statement appeared the account at issue:

> McCarran Airport CB4 Ramp Expansion # 554 (identified by Defendant as the "prime contract number")
> Bid # CA 711–87 (identified by Defendant as the bid number assigned to the project by Clark County)
> For All Services rendered, in Full

Instead of returning the check, Defendant crossed out the above language, endorsed and deposited the check, and then received payment of $85,168.00. Thus, the evidence, in light of the aforementioned legal principles, unambiguously indicates that there was both an offer of an accord as well as an acceptance by Plaintiff.

Plaintiff, however, claims that there was no bona fide dispute between the litigants. Instead, Plaintiff insists that the actual dispute exists between Defendants and Clark County. Specifically, Plaintiff claims that Defendant Bernadot's misplacement of the materials already delivered to Defendant by Plaintiff and Defendant's failure to satisfy Clark County guidelines with respect to such placement and finish resulted in that concrete not being used.

It is from these events, Plaintiff contends, that Defendants insist that they are under no obligation to recompense Plaintiff. Given Defendant's alleged mistake, Plaintiff argues that Defendant Bernadot, not Plaintiff, should sustain the monetary loss. Thus, Plaintiff submits that there is an absence of a bona fide dispute between the litigants, thereby preventing the existence of an accord and satisfaction.

Defendant Bernadot, on the other hand, insists *inter alia* that:

> The remaining 29% (of the 138 cubic yards of concrete) of said concrete was never poured from the trucks because it came from the same batch as the aforesaid concrete that had been placed, and the engineer would not permit it to be poured. Said concrete was rejected, however, not as the result of any mistakes made or caused by Defendant Bernadot, but because of the Plaintiff's inability to control the consistency of the water content of the concrete mix ... Some was too dry, some was too wet, and, ultimately, the concrete that was poured did not set correctly and was rejected by the engineer.

Based upon the foregoing, Defendant Bernadot states that Defendant believes in good faith that he is under no obligation to recompense Plaintiff for the unused cement. Accordingly, Defendant contends that a bona fide dispute does in fact exist between the parties. Defendant's contention is supported by the record before the Court.

At issue in a letter dated July 13, 1987 addressed to Plaintiff from Defendant Bernadot was the extent of compensation to which Plaintiff was entitled. The monetary dispute was premised upon both the quantity of cement utilized and the unacceptable quality, as determined by the Clark County Department of Aviation, of

portions of the supplied cement. Given these considerations, Defendant informed Plaintiff that it was Defendant's impression that Plaintiff was entitled to $85,-168.00.

" '[I]t matters not that there was no solid foundation for the dispute' as the test is whether 'the dispute was honest or fraudulent.' " *HOH Corporation*, 486 F.2d at 992, *quoting Potter v. Pacific Coast Lumber Co. of California*, 234 P.2d 16, 18, 37 Cal.2d 592 (1951). The majority of courts hold that consideration exists for a contract of accord where there is a bona fide dispute between the parties. *United California Bank v. Eastern Mountain Sports, Inc.*, 546 F.Supp. 945, *aff'd*, 705 F.2d 439 (1st Cir.1982); *Buster, supra; Van Riper v. Baker*, 658 P.2d 537, 61 Or.App. 540 (Or. App.1983). Thus, this Court finds that Defendant's belief regarding its obligations under its agreement with Plaintiff, irrespective of its validity, was honest and reasonable and that a bona fide dispute exists between the litigants.

Plaintiff also argues that there was no accord and satisfaction since there was no "meeting of the minds" between the litigants. Plaintiff correctly notes that a meeting of the minds between the parties is a requisite to the finding of an accord and satisfaction. *Rhone, supra; T.J. Trauner Associates v. Cooper–Benton, Inc.*, 820 F.2d 643 (3rd Cir.1987). Therefore, Plaintiff concludes that since there was both a dispute, as evidenced by Plaintiff's striking of the language on the tendered check, between the litigants concerning the quality of the cement delivered, as well as an absence of discussion or negotiation with respect to whether the check was intended to constitute full payment for the supplied concrete there was no meeting of the minds and hence no accord and satisfaction.

"Because an accord and satisfaction is governed by general contract principles (citations omitted) there must be an effective acceptance of the compromise offer in order to discharge the original obligation." *HOH Corporation*, 486 F.2d at 993. Proof of an actual, subjective meeting of the minds is unnecessary. Instead, acceptance can be demonstrated actually or by implication. It is widely recognized that the endorsement and deposit of a check indicates an acceptance on the part of the creditor to the terms of the accord. *Id.*

While the endorsement and cashing of a check does not *per se* give rise to an accord and satisfaction, the facts clearly indicate that Plaintiff, by virtue of the language contained on the check, was on notice of the offer of accord, but instead treated the check as a partial payment. In stating the view in California, the Ninth Circuit in *HOH Corporation* stated:

"... where there is an honest dispute as to the amount due on an obligation and the debtor sends a check in a certain sum as payment in full, *the retention and use of the check by the creditor will constitute an accord and satisfaction, even though he notifies the debtor that it is received only as a partial payment on account.*"

*HOH Corporation*, 486 F.2d at 994, *quoting Besco Enterprises Inc., v. Carole, Inc.*, 274 Cal.App.2d 42, 78 Cal.Rptr. 645 (1969).

The language contained on the front and back of the tendered check is unambiguous. It clearly indicates an offer of an accord, and by endorsing and depositing the check Plaintiff assented to its terms. Thus, there was a meeting of the minds between the litigants since the unambiguous language contained on the tendered check clearly indicated that the instrument represented payment in full for Plaintiff's services. *See Rhone*, 858 F.2d at 1512.

IT IS THEREFORE ORDERED THAT Defendants' Motion for Summary Judgment (# 21) is granted.

IT IS FURTHER ORDERED that the Clerk of Court shall forthwith enter Judgment in favor of Defendants and against Plaintiff.