# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**195**

**CA 14-01025**

PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF THE ACCOUNTING BY
CHRISTOPHER J. SMOLKA, AS THE TRUSTEE OF
THE MELVIN D. MERGENHAGEN AND GERALDINE
R. MERGENHAGEN IRREVOCABLE TRUST DATED                   MEMORANDUM AND ORDER
OCTOBER 10, 1994.
----------------------------------------
CHRISTOPHER J. SMOLKA, PETITIONER;

DAVID MERGENHAGEN AND JAMES MERGENHAGEN,
OBJECTANTS-RESPONDENTS;

CAROL A. SKRETNY, RESPONDENT-APPELLANT.

---

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (ROBERT J. FELDMAN
OF COUNSEL), AND DUKE, HOLZMAN, PHOTIADIS & GRESENS, LLP, FOR
RESPONDENT-APPELLANT.

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
OBJECTANTS-RESPONDENTS.

---

Appeal from an order of the Surrogate's Court, Erie County
(Barbara Howe, S.), entered April 8, 2014.  The order, inter alia,
denied the motion of respondent Carol A. Skretny seeking summary
judgment granting and approving the petition of petitioner Christopher
J. Smolka, Esq. for a judicial settlement of the account of the Melvin
D. Mergenhagen and Geraldine R. Mergenhagen Irrevocable Trust dated
October 10, 1994.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent Carol A. Skretny (respondent) appeals
from an order that, inter alia, denied her motion seeking summary
judgment granting and approving the petition of petitioner Christopher
J. Smolka, Esq. (Trustee), for a judicial settlement of the Trustee's
account of the Melvin D. Mergenhagen and Geraldine R. Mergenhagen
Irrevocable Trust dated October 10, 1994 (1994 Trust), and determined
that the proceeds of the 1994 Trust should be paid in equal ⅓ shares
to respondent and objectants.

The sole asset of the 1994 Trust was a "second to die" life
insurance policy issued by Hartford Life Insurance Company insuring
the lives of the 1994 Trust's grantors.  Respondent and objectants are
the grantors' children and primary beneficiaries, in equal shares, of

the 1994 Trust.  Pursuant to the "Settlement Agreement" (Agreement) between respondent and objectants, objectants were responsible for paying the policy premiums for a specified period.  During that specified period, objectant David Mergenhagen submitted checks to the Trustee on objectants' behalf in the amount of the premiums then due.  Several of the checks contained handwritten notations in the memo line or elsewhere on the face of the checks referring to future premium dates.  The Trustee returned to objectants the checks dated in November 2012, which contained the notation "September 2013 Premium Hartford," and December 2012, which contained the notation, "Premium Hartford L.I. Premium 9/13."

Following the death of the second grantor in February 2013, the proceeds of the life insurance policy were paid into the 1994 Trust.  The Trustee thereafter filed his petition for judicial settlement of his account as Trustee of the 1994 Trust, and stated in the petition that respondent was entitled to the entire balance of the Trust, less administrative expenses, and that the interests of objectants had been forfeited.  Respondent submitted an affidavit in support of the petition and thereafter moved for summary judgment granting and approving the petition.  Objectants filed objections to the petition and opposed respondent's motion.

We agree with Surrogate's Court that the Trustee improperly rejected the proffered premium checks and determined that objectants had forfeited their interests in the 1994 Trust.  As the Surrogate concluded, the handwritten notations on the November and December 2012 checks did not constitute special or restrictive endorsements (*see generally Spielman v Manufacturers Hanover Trust Co.*, 60 NY2d 221, 226-227).  Rather, the notations appear on a portion of the checks that "is usually devoted to the bookkeeping records of the payor" (*Pincus-Litman Co. v Canon U.S.A.*, 98 AD2d 681, 681; *see C. I. T. Corp. v M & T Trust Co.*, 241 App Div 595, 596), and the checks at issue were timely submitted by objectants to the Trustee in the amount of the premium then due.  Inasmuch as the Trustee had no legal basis for rejecting the checks, objectants were never in default of their obligations under the Agreement (*see Furgang v Epstein*, 106 AD2d 609, 609-610).  In addition, it is well established that "the law abhors a forfeiture" (*Boyarsky v Froccaro*, 131 AD2d 710, 713).  We therefore conclude that the Surrogate properly rejected the position of respondent and the Trustee that the handwritten notations on the November and December 2012 checks effected a forfeiture of objectants' interests in the 1994 Trust (*see generally Jacob & Youngs, Inc. v Kent*, 230 NY 239, 243-244, *rearg denied* 230 NY 656).

Entered:  February 13, 2015                      Frances E. Cafarell
                                                 Clerk of the Court