## 34102. RIVERS *v.* COLE CORPORATION.

DECIDED JUNE 17, 1952—REHEARING DENIED JULY 10, 1952.

*Marvin O'Neal Jr.*, for plaintiff in error.

*McCready Johnston, Brown & Shoob*, contra.

TOWNSEND, J. (After stating the foregoing facts.) 1. The defendant does not appear to have based his defense on failure of consideration. He offered no evidence to this effect and testified that the records were of some value. He further testified that Station WEAS first went on the air commercially on August 20, 1947, and that when he wrote the letter on November 12, 1947, the station had received three record supplements. It thus appears from the undisputed testimony that the plaintiff had not breached its contract to supply one supplement per month beginning the first day of one month after the station went on the air commercially at the time the defendant attempted to cancel it.

The defendant relies upon Code § 20-1204, and upon *Ryan* v. *Progressive Retailer Publishing Co.*, 16 *Ga. App.* 83 (84 S. E. 834), among other cases, in support of his position that a check marked "payment in full" on a disputed account, which is received and cashed, and the proceeds retained, is an executed accord and satisfaction, barring the creditor from pursuing his claim further. The Code section provides that "an agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction unless it be actually executed by the payment of the money. . ." The *Ryan* case holds that, "Where the amount of a debt is . . disputed, and the debtor tenders his check for a less amount, containing the statement that it is 'in full of all demands against' the maker . . and collects and retains the money, there is a valid accord and satisfaction," although the creditor only accepts

the check "as a credit on account." However, in an exhaustive review of Georgia cases, the Supreme Court, reversing the Court of Appeals in *Sylvania Electric Products* v. *Electrical Wholesalers*, 198 *Ga.* 870 (33 S. E. 2d, 5), held that the mere acceptance by a creditor of a check sent by the debtor (accompanied by a letter showing it was tendered only as a final settlement of the account), and the retaining of the proceeds thereof, regardless of the existence of any dispute as to the amount due and regardless of the good or bad faith of the pretended claim of the debtor, was error. The dissenting opinion in this case points out that this ruling is contrary to prior rulings in *Hamilton* v. *Stewart*, 105 *Ga.* 300 (31 S. E. 184), *Tarver* v. *Rankin*, 3 *Ga.* 210, and other cases, and contrary to the construction given Code § 20-1204 by the United States Supreme Court in Chicago, M. & St. P. Ry. Co. *v.* Clark, 178 U. S. 353 (20 Sup. Ct. 924). In *Harvey* v. *Smith*, 207 *Ga.* 692 (1) (63 S. E. 2d, 885) a bona fide dispute was shown, and the court held that there was an accord and satisfaction "under either or both theories announced by this court in the majority and dissenting opinions" in the *Sylvania* case.

While the rule is recognized that where there is a bona fide dispute, even without merit, over the amount due, and an amount less than the amount of the debt is accepted in settlement thereof, it amounts to an accord and satisfaction of the entire debt, yet there is no such dispute under the evidence in this record. The letter written by the defendant seeking to cancel the contract on the ground that the plaintiff had failed to perform under section one thereof pointed out that "we have been on the air five months and to my knowledge have received only three albums". He also testified that at the time the letter was written on November 12, 1947, he had received three supplementary albums to augment the library in accordance with section one of the contract. The evidence is undisputed that the radio station commenced to operate commercially on August 20, 1947: The contract was to take effect according to its terms beginning "as of the first day of one month after station goes on the air commercially." It follows that the evidence demands a finding that according to the contentions of both parties the contract was not breached at the time the

cancellation was attempted, and that there was therefore no bona fide dispute between the parties relating to the terms of the contract or its performance.

The judgment overruling the motion for a new trial as amended is without error.

*Judgment affirmed. Gardner, P.J. and Carlisle, J. concur.*