## 31231. ANDERSON v. SHELBY MUTUAL INSURANCE COMPANY et al.

HILL, Justice.

Mrs. Anderson, claimant to a fund held by the superior court, appeals from an order distributing the fund. She contends that appellee Shelby Mutual Insurance Company was not a proper claimant to the fund and that the trial court erred in holding that Shelby Mutual was entitled to receive $617.60 from the fund.

This case grew out of a disciplinary proceeding instituted by the State Bar of Georgia against an attorney. In 1969, Mrs. Anderson was involved in an automobile collision while driving her husband's car. She was injured and there was property damage to the car. An attorney, who later was subject to disciplinary proceedings, was employed to represent her for a contingent fee and filed suit on her behalf. In the meantime the Andersons separated and Mrs. Anderson employed the attorney to represent her in the divorce proceedings.

The negligence suit was settled for $5,300 and on May 25, 1971, two drafts were issued by the insurance carrier for the defendants in the automobile collision case, Shelby Mutual, one for $4,163 payable to Mrs. Anderson and her attorney, and the other for $1,137 payable to Mrs. Anderson, Mr. Anderson and the attorney. Mr. Anderson refused to sign the general release transmitted with the drafts. Before signing the $1,137 draft, he wrote the following below the printed statement of release on the back of the draft: "This does not include United Service Automobile Association's subrogated interest." After endorsement by Mrs. Anderson and the attorney, the proceeds of both drafts were deposited in the attorney's bank account and were used by him for office and personal expenses in violation of our disciplinary

rules (DR 9-102) and the ethics of our profession. The attorney was entitled only to his fees for the auto collision representation and some service in the divorce litigation. Some months later Mrs. Anderson received $500 from the attorney. Finally Mrs. Anderson received $2,000 from the attorney as her part of an agreement in which the attorney was to pay her doctor bill, the hospital bill, and the automobile repair bill, out of the balance due. Neither the repair bill nor the doctor's bill was paid by the attorney.

Disciplinary proceedings were instituted by the State Bar and subsequently the report and findings of the State Disciplinary Board were made the judgment of the court. In its final order of discipline the court suspended the attorney from the practice of law until he paid $320 (the amount due the doctor) directly to Mrs. Anderson and paid $662 into court. The attorney made the required payments.

Mrs. Anderson, Mr. Anderson, Shelby Mutual and the attorney made claims to the fund or a portion of the fund, which were heard by the court. Mr. Anderson withdrew his claim at the hearing. The court held that the attorney was estopped from asserting a claim and he has not appealed. Thus there are only two claimants involved in this appeal. The trial court found that Mrs. Anderson is the rightful owner of the fund unless the other claimant has a superior claim. The court found that Shelby Mutual was entitled to recover $617.70 and that the remaining $44.40 belonged to Mrs. Anderson. Shelby Mutual asserted its claim on the ground that it paid $5,300 as settlement for the automobile collision claims (including property damage) and it had also paid United Services Automobile Association (Mr. Anderson's insurance company) $617.70 for property damage.

On appeal Mrs. Anderson contends that the entire $662 should be hers. Although Shelby Mutual filed no brief on appeal, it contended in the trial court that it has paid for the property damage twice and thus it has not received what it bargained and paid for in the settlement agreement. Mrs. Anderson urges that because Shelby Mutual was not a party to the disciplinary action which produced the fund paid into court, it has no standing to

assert a claim in that proceeding. She overlooks the fact that she was not a *party* to the disciplinary proceeding. That proceeding was between the State Bar and the attorney. A final order of discipline, including suspension conditioned upon restitution, was entered by the trial court. Thereafter, it became necessary for the court to determine the proper disposition of the funds deposited in court. Shelby Mutual alleged a claim sufficient to show that it had standing to assert its claim. The trial court correctly found that Mrs. Anderson was entitled to the fund unless the other claimant showed that it had a superior claim.

Mrs. Anderson urges that the trial court erred in finding that Shelby Mutual did not accept and was not bound by the terms of the endorsement on the $1,137 draft. The focus should be reversed. Did the trial judge err in finding that the Andersons accepted and were bound by the terms of the draft as tendered? If not, then Shelby Mutual has paid for the automobile damage twice.

We have here a situation where an insurance company offered to settle a damage suit and tendered its drafts and releases. The offerees did not expressly accept the offer as made but took the money. In *Citizens Bank v. Union Warehouse &c. Co.,* 157 Ga. 434, 453 (122 SE 327) (1923), the court said: "Where a debtor concedes his liability for part of an account which is in dispute, and tenders the sum which he admits to be due in payment, on the condition that it should be in full settlement of the account, the creditor, by accepting and using the amount so tendered, extinguishes the whole account, notwithstanding the fact that he protests at the time that the remainder of the account is still due and owing. [Cits.] The reason of this rule is that payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition." The "debtor" in this case was Shelby Mutual.

In *Motorola Communications &c. v. South Ga. Natural Gas Co.,* 104 Ga. App. 376, 379 (121 SE2d 672) (1961), the court said: "The plaintiff undertook to refuse the offer of settlement (while keeping the proceeds of such check) which effort was futile. As stated by Justice Duckworth (now Chief Justice) in his dissent in *Sylvania*

*Electric Products v. Electrical Wholesalers,* 198 Ga. 870, 879 (33 SE2d 5), which was approved and adopted in *Rivers v. Cole Corp.,* 209 Ga. 406, supra: 'Had the creditor, while in the very act of appropriating the proceeds of the check, loudly declared his disagreement with the terms upon which the tender was made, and such declarations had been communicated to the debtor, under the controlling decisions of this court he would nevertheless and despite such declarations have been held as a matter of law to have agreed to all of the conditions attached to the tender.' " See also *Thompson v. Hecht,* 110 Ga. App. 505 (139 SE2d 126) (1964).

The endorsement added by the Andersons had no effect; their taking the money did. The trial judge did not err in finding that the Andersons accepted and were bound by the terms of the draft as tendered to them.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 7, 1976 — DECIDED OCTOBER 5, 1976.

*James E. Nicholson, Jr.,* for appellant.

*Robert H. Davis, Jr., Albert G. Ingram, Hull, Towill, Norman, Barrett & Johnson, Wyckliffe A. Knox, Jr.,* for appellees.

*Omer W. Franklin, Jr.,* State Bar of Georgia.

*James E. Spence, Jr.,* amicus curiae.