## 58463. AMERICAN FOOD PURVEYORS, INC. v. LINDSAY MEATS, INC.

SMITH, Judge.

We granted this interlocutory appeal to determine whether the trial court erred in denying appellant's motion for summary judgment on the ground that material fact issues remain relative to appellants defense of accord and satisfaction. We are bound by authority to hold that, as a matter of law, the parties reached an accord and satisfaction. The judgment of the trial court must therefore be reversed.

The material facts of this case are undisputed. On or about November 18, 1976, appellee shipped appellant certain food products valued at $13,196.92. Appellant accepted the shipment. Several weeks later, appellant complained about the condition of the goods. On or about February 11, 1977, appellant sent appellee a check in the amount of $2,696.08. The following notation was written on the back of the instrument: "This constitutes payment in full for all indebtedness." Appellee struck through this notation and cashed the check. Appellee then brought this action seeking additional amounts allegedly owed under the sales contract.

1. ". . . [I]f a debtor remits to the creditor a sum of money, less than the amount actually due, upon the condition, either express or implied, that it is in satisfaction of the creditor's claim, and the latter accepts and retains the money, an accord and satisfaction results, and this is true whether the demand be liquidated or unliquidated, disputed or undisputed." *Dixie Belle Mills v. Specialty Machine Co.,* 217 Ga. 104, 107 (120 SE2d 771) (1961). *Prater v. American Protection Ins. Co.,* 145 Ga. App. 853, 855 (244 SE2d 925) (1978). It cannot be seriously contended that such a "condition" does not exist in the instant case. The check which appellant forwarded to appellee expressly stated that it was "payment in full"

for all debts. Unless appellee reserved its rights under the sales contract, we must hold that by virtue of an accord and satisfaction, appellee is precluded from maintaining this action.

2. Whether appellee has reserved its rights depends, of course, on whether the law permits appellee to do so. Traditionally, a party who cashed a check which contained a "payment in full" condition could not prevent an accord and satisfaction by any form of protest, including obliteration of the condition. *Dixie Belle Mills v. Specialty Machine Co.,* supra. Under the traditional rule, acceptance of the check constitutes acceptance of the condition "notwithstanding the fact that [the creditor] protests at the time that the remainder of the account is still due and owing." *C. & S. Bank v. Union Warehouse &c. Co.,* 157 Ga. 434, 453 (122 SE 327) (1924). This traditional rule was recently approved by the Georgia Supreme Court in *Anderson v. Shelby Mutual Ins. Co.,* 237 Ga. 687, 689 (229 SE2d 462) (1976). Under this authority, we must hold that appellee could not both deposit the check and reserve its rights under the sales contract by striking out the "payment in full" notation written on the back of the instrument. However, we question the soundness of this authority.

3. UCC § 1-207 (Code Ann. § 109A-1—207) provides: "A party who with explicit reservation of rights performs or promises performance or asserts to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest' or the like are sufficient." Most of the jurisdictions which have considered the question of whether § 1-207 applies to the full-payment check have answered the question in the affirmative. Scholl v. Tallman, 247 NW2d 490 (S. D. 1976); Lange-Finn Const. Co. v. Albany Steel & Iron Supply Co., 403 NYS2d 1012 (1978); Miller v. Jung, 361 S2d 788 (Fla. App. 1978); Baillie Lumber Co. v. Kincaid Carolina Corp., 4 N. C. App. 342 (167 SE2d 85) (1969). See also Kilander v. Blickle Co., 280 Or. 425 (571 P2d 503) (1977); White & Summers, Handbook of the Law Under the Uniform Commercial Code 452-454, § 13-21 (1972). In several other jurisdictions, explanatory

comments to the Code follow in substance that portion of the Report of the New York Commission on Uniform State Laws which states: "This section [§ 1-207] permits a party involved in a Code-covered transaction to accept whatever he can get by way of payment, performance, etc., without losing his rights to demand the remainder of the goods, to set-off a failure of quality, or to sue for the balance of the payment, so long as he explicitly reserves his rights . . . The Code rule would permit, in Code-covered transactions, the acceptance of a past performance or payment tendered in full settlement without requiring the acceptor to gamble with his legal right to demand the balance of the performance as payment." See McKinney's Cons. Laws of New York, Book 62 1/2, Uniform Commercial Code 65, § 1-207; Del. Code Ann. § 6-1-207 (1975); Fla. Stat. Ann. § 671.1-207 (1966); Mass. Ann. Laws § 106-1-207 (1976); N. H. Rev. Stat. Ann. § .382A: 1-207 (1961). See also Minn. Stat. Ann. § 21A-336.1-207 (1966).

Two jurisdictions have held that § 1-207 does not apply to the full-payment check. In Fritz v. Marantette, 404 Mich. 329 (273 NW2d 425) (1978), the Supreme Court of Michigan, citing both the policy considerations discussed in Rosenthal, Discord and Dissatisfaction; Section 1-207 of the Uniform Commercial Code, 78 Columbia L. Rev. 48 (1978) and the lack of concensus in the various jurisdictions, as well as in academic circles, refused to hold that the traditional rule concerning the full-payment check had been discarded by § 1-207. However, the court, by stating that "we withhold adopting a particular interpretation of § 1-207 at this time" (supra at 338), indicated that it might re-examine its holding at a later date.

The Supreme Court of Wyoming provided two additional justifications for the position that § 1-207 does not apply to the full-payment check in Jahn v. Burns, 593 P2d 828 (Wyo. 1979). The court held that § 1-207 was, by its own terms, inapplicable to the full-payment check because the check is "conditioned on it being in full settlement." By attempting to reserve rights, the creditor "[does] not 'assent to performance *in the manner offered.*'" Id. at 830. The court further held that, in any event, §

1-207 could only apply to a "commercial transaction," notwithstanding that an instrument governed by Article 3 of the Code is the mode of payment. We reject this reasoning. By defining the term "assent to performance" as "acceptance of the condition," the Supreme Court of Wyoming defeats the policy expressed in § 1-207 that a party be permitted to reserve rights under a contract. By limiting application of § 1-207 to "commercial transactions" independent of the mode of payment, the court ignores the fact that payment by check is a Code-covered transaction. See Rosenthal, supra, at 70.

We are persuaded by the language of § 1-207, by the legislative history of that section, and by the views expressed in the appellate opinions of the great majority of jurisdictions which have heretofore considered the question, that the continued adherence to the traditional rule concerning the full-payment check is questionable as a matter of legal theory.

4. Under *Anderson v. Shelby Mutual Ins. Co.*, supra, we are precluded from reaching the question of whether the obliteration of a "payment in full" notation satisfies the "explicit reservation of rights" requirement of UCC § 1-207.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED FEBRUARY 11, 1980.

*John R. Grimes,* for appellant.
*Wayne L. Cardon, Steven N. Margolin,* for appellee.