## 62713. HARTLINE-THOMAS, INC. v. H. W. IVEY CONSTRUCTION COMPANY, INC.

POPE, Judge.

Appellant Hartline-Thomas, Inc., seeking the recovery of $17,292.80, brought this contract action against appellee H. W. Ivey Construction Co., Inc. Appellee filed a motion for summary judgment on the basis of accord and satisfaction. Appellant brings this appeal from the trial court's grant of that motion.

Appellee was the general contractor for the construction of a garage facility for the City of East Point. Appellant and appellee entered into a subcontract under the terms of which appellant was to perform all painting and coating work required under the general contract "specified in but not limited to Section 9G of the Specifications." Following the completion of performance under the subcontract, a dispute arose concerning certain work which had been performed by appellant — appellee contending the work had been specified under the terms of the subcontract, and appellant contending that it had been extra work in addition to that required by the subcontract.

As is here pertinent Section 9G of the contract specifications provided that two (2) coats of "Sanders 'Permacrete' " were to be

applied to exterior surfaces at a thickness of a given number of square feet per gallon. In addition to incorporating the above specifications the subcontract provided: "Sub-contractor shall make all alterations, furnish the material for all extra work, or omit any work Owner, Architect or Contractor may require, without nullifying this agreement, at a reasonable addition to, or reduction from, the sub-contract price, and pro rata to the same. *No changes are to be made, however, except from written order from Contractor, and Contractor shall not be liable to Subcontractor for any extra labor, materials, or equipment furnished without such written order."* (Emphasis supplied.) The subcontract also provided: "This Sub-contract contains the entire agreement between the parties, and *all additions thereto or changes therein shall be in writing and shall not be binding unless same are in writing."* (Emphasis supplied.)

The evidence of record shows without dispute that appellant applied two coats of permacrete on the exterior surfaces of the project. Appellant contends that the application of the second coat was extra work performed pursuant to an oral agreement made between it and the project's architect. The oral agreement was apparently meant to alter the subcontract so as to provide for the application of only one coat of permacrete at a thickness of 10 mils.[1] Test results taken after this application indicated a thickness of between 6 and 10.5 mils. Also subsequent to the first permacrete application, a different subcontractor was required to replace parts of the exterior surface because the material used did not meet contract specifications. Following this replacement of a portion of the exterior, appellant applied the second coat of permacrete. Appellant contended that the second coat was necessitated by the foregoing replacement of a portion of the exterior and was, in the light of its oral agreement, extra work for which it was entitled to compensation in addition to that provided in the subcontract. Appellee countered that, notwithstanding the replacement of a portion of the exterior, the second application of permacrete would have been required because the first coat did not meet the required thickness.

". . . [P]leadings will be construed favorably toward the pleader when ruling upon a motion for summary judgment by a defendant against a plaintiff. Likewise, all inferences from the evidence

---

[1] Although the subcontract provided for a reasonable reduction from the total price for work omitted from the subcontract, there is no evidence in the record that such a reduction was contemplated in this case even though appellant was to perform less work as a result of the oral agreement than it had originally agreed to perform under the subcontract.

introduced (if any) will be interpreted favorably toward making an issue of fact. [Cits.] The cardinal rule of the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but can only look to ascertain if there is [a genuine issue as to any material fact]." *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179) (1961); Code Ann. § 81A-156 (c). However, "'[w]hen a motion for summary judgment is made . . ., an adverse party may not rest . . . (on) his pleading, but his response . . . *must* set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, *shall* be entered against him.' " *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173) (1974); Code Ann. § 81A-156 (e). Appellant contends that material questions of fact remain on the issue of its oral agreement to apply a second coat of exterior permacrete on the project.

Appellant asserts that because of its oral agreement with the architect, its application of the second coat of permacrete constituted a new contractual arrangement which was separate and distinct from the subcontract; however, this assertion is not supported by any facts of record. The undisputed facts in this case show that the subcontract specified the application of two (2) coats of permacrete on the exterior surfaces of the project. Indeed, appellant applied two coats of permacrete on the exterior surfaces of the project. The subcontract provided that a specification such as this could only be changed by written order from appellee. There is no evidence of any such written order in the record of this case. The subcontract also provided in no uncertain terms that any changes therein must be in writing in order to be binding upon appellee. Therefore, even if appellant and the architect orally agreed to apply only a single coat of permacrete on the exterior surfaces of the project, such an oral agreement constituted a change in the terms of the subcontract (not a new, independent agreement) and thus did not bind appellee general contractor in the absence of its written consent thereto. Moreover, the record is devoid of any evidence showing that the oral agreement was founded upon any valid consideration. Code Ann. § 20-301. Accordingly, we turn our attention to appellant's right to recover for work performed under the subcontract.

Following the completion of its work on the project, appellant sent an invoice to appellee which included a charge in excess of $17,000.00 for extra work — primarily the second coat of exterior permacrete. After several months of unsuccessful negotiations in an attempt to resolve this matter, appellee sent appellant a check in the amount of $9,283.50. Appellee placed the following endorsement on the check: "The proceeds of this check are accepted in full and

complete payment of any and all indebtedness on a sub-contract between H. W. Ivey Construction Co., Inc. and the undersigned. For the specific purpose of obtaining final payment, the undersigned gives affirmation that all debts and obligations incurred in the doing of the work have been paid in full and that no right of claim of lien exists under this sub-contract." After receiving this check appellant added the following endorsement: "The above waiver applies to the base contract only and not to any extras in dispute at this time." Appellant then negotiated the check. The trial court found that appellant's acceptance and deposit of the check as tendered by appellee amounted to accord and satisfaction as to all amounts claimed by appellant in this action.

Appellant contends on appeal that there was no meeting of the minds as to accord and satisfaction. We disagree. " 'It is now the law of this State that if a debtor remits to the creditor a sum of money, less than the amount [claimed] due, upon the condition, either express or implied, that it is in satisfaction of the creditor's claim, and the latter accepts and retains the money, an accord and satisfaction results, and this is true whether the demand be liquidated or unliquidated, disputed or undisputed.' [Cits.; but see Code Ann. § 20-1204 (b)]. 'The reason of this rule is that payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition.' [Cit.] This rule 'applies with full force and effect, although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim. Where the tender or offer is thus made, the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it, he accepts the condition also, not-withstanding any protest he may make to the contrary . . . The erasure or alteration of the condition expressed in a check by the creditor, without notice to *and assent by* the debtor, will not prevent its acceptance from constituting an accord and satisfaction, since, if the creditor [here appellant] were allowed to accept it for a different purpose than that allowed, it would be to allow [appellant] to make a contract with [appellee] without [its] knowledge and consent.' " *Thompson v. Hecht,* 110 Ga. App. 505, 506-7 (139 SE2d 126) (1964); *Perma Ad Ideas v. Mayville,* 158 Ga. App. 707 (282 SE2d 128) (1981).

The evidence of record in this case affirmatively established as a matter of law that appellant was not entitled to recover under any theory of the case. See *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14 (3b) (198 SE2d 381) (1973). Therefore, summary judgment was correctly entered in favor of appellee. Compare *Commercial Union &c. Co. v. Southeastern Ventilating,* 159 Ga. App. 443 (283 SE2d 660) (1981).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 27, 1982.

*William A. Wehunt,* for appellant.
*Joe G. Davis, Jr., Frank L. Wilson III, William T. McKenzie,* for appellee.