## 69081, 69082. MOBLEY v. FULTON ROOFING COMPANY; and vice versa.

### (327 SE2d 540)

POPE, Judge.

Plaintiff Richard Mobley brought this action against defendant Fulton Roofing Company, plaintiff's former employer, seeking to recover an unspecified sum allegedly due him as part of his compensation. Defendant denied plaintiff's claim and filed a counterclaim alleging in Count I plaintiff's tortious interference with defendant's business, and in Count II that plaintiff was mistakenly overpaid upon leaving defendant's employ. Defendant moved for summary judgment on plaintiff's claim and Count II of its counterclaim, and, following a hearing on the matter, the trial court granted the motion as to plaintiff's claim against defendant and denied the motion as to defendant's counterclaim. Case No. 69081 is plaintiff's appeal from the grant of summary judgment against him on his claim against defendant. Case No. 69082 is defendant's cross-appeal from the denial of summary judgment on Count II of its counterclaim against plaintiff.

### *Case No. 69081*

1. The trial court made the following findings of fact: "The plaintiff was employed by the Defendant in 1979 as a repairman under an oral employment contract. The Plaintiff contended that he was to be paid commission based on the 'gross profit' of the repair division of the defendant company. The Defendant contended that the commission of the Plaintiff was based on the 'net profit' of the repair division. Plaintiff defined 'gross profit' to be sales less the costs of material and labor. The Defendant defined 'net profit' as sales less material, labor, overhead, taxes and insurance, and charges for the Plaintiff's company truck together with gasoline expenses. The deposition of the Plaintiff together with the business records of the Defendant show that from May of 1980 when the Plaintiff first received commissions from the company until his resignation in April of 1983, his commissions were calculated by deducting [those items contained in Defendant's definition of 'net profit']. The record . . . further shows that the Plaintiff reviewed the books and records of the company every month or two. The Plaintiff met with representatives of the Defendant when his commissions were calculated and [although he did not 'understand' why '[t]here were just loads of extra charges that I wasn't aware of that would be charged against me upon that agreement,'] accepted his commission checks over a three-year period. In April of 1983 when the Plaintiff received his last commission check from the Defendant, he again met with representatives of the Defendant to compute his final commission check." In an affidavit in sup-

port of its motion for summary judgment, defendant averred that this check was "for *all* of the commissions due [plaintiff] through December 31, 1982," and that no further commissions are yet due plaintiff for 1983. At the April 1983 meeting plaintiff was given a ledger sheet which showed how the amount of his final commission check was computed. The ledger sheet showed deductions as per defendant's definition of "net profit." The plaintiff accepted this final check, albeit "reluctantly."

It has long been the law in this state that "[w]hen a creditor receives and retains a sum of money from his debtor less than the amount actually due him with the understanding, either express or implied, that it is received by him in satisfaction of his claim or demand, he cannot thereafter treat it as a nullity and recover the balance, and this is so whether his claim or demand be disputed or undisputed, liquidated or unliquidated . . . ." *Rivers v. Cole Corp.*, 209 Ga. 406 (73 SE2d 196) (1952). "An accord and satisfaction occurs 'if a creditor tenders to his debtor a sum of money, though it be less than the amount actually owed, and the tender is made upon the condition, express or implied, *that it satisfies the entire debt,* and . . . the creditor accepts the tender . . .' [Cit.] . . . An accord and satisfaction also occurs with 'the delivery and acceptance of a check as a stated *amount in full and complete settlement of a claim, whether the* amount of the claim is established or uncertain . . .' [Cit.] It is not necessary that a check or the accompanying correspondence contain magic words such as 'payment in full,' 'in full consideration,' or 'in final payment' if there is some other documentary evidence to show what the check is intended to cover, i.e., itemization of deductions from the balance alleged to be due. [Cit.] An accord and satisfaction is itself a contract which requires a meeting of the minds in order to render it valid and binding. [Cits.] As a general rule, whether there is an accord and satisfaction is a jury question. [Cit.]" *Commercial Union Assur. Co. v. Southeastern Ventilating*, 159 Ga. App. 443, 445-46 (283 SE2d 660) (1981). However, when the movant for summary judgment on this issue presents evidence which shows that there is no genuine issue of material fact, the movant has met his burden, and the adverse party must respond by setting forth specific facts showing that there is a genuine issue for trial. In the absence of such a response, summary judgment shall be entered against him. *Hartline-Thomas, Inc. v. H. W. Ivey Constr. Co.*, 161 Ga. App. 91, 93 (289 SE2d 296) (1982); see *Culwell v. Lomas & Nettleton Co.*, 148 Ga. App. 478 (251 SE2d 579) (1978).

The evidence of record clearly shows that the parties understood that the final commission check was given in full settlement of commissions due plaintiff through December 31, 1982. Defendant affirmatively averred that the final commission check was given for *all* such

commissions. The deposition testimony of the plaintiff shows that he accepted the check with at least a tacit understanding that it represented all that the defendant owed him. Therefore, in light of the authorities cited above, the acceptance of the check and retention of the proceeds thereof by plaintiff amounted to an accord and satisfaction as a matter of law, and the trial court properly granted defendant's motion for summary judgment as to plaintiff's claim. See *Chrietzberg v. Kristopher Woods, Ltd.*, 162 Ga. App. 517 (292 SE2d 100) (1982); *Moody v. Tiner*, 103 Ga. App. 187 (118 SE2d 595) (1961).

*Case No. 69082*

2. As to Count II of defendant's counterclaim, the trial court found: "The Defendant submitted uncontroverted proof that the last commission check given to Plaintiff included an overpayment to the Plaintiff due to a mathematical error. The final payment, however, acted as a compromise and settlement of all claims. Accordingly, Defendant's Motion for Summary Judgment on its counterclaim to recover the excess payment must be denied." We agree and affirm.

The alleged "overpayment" in this case was not discovered by defendant until after plaintiff had filed suit against it. The alleged "mathematical error" was solely the defendant's and no fraud or undue influence was alleged by defendant in relation to this matter. Plaintiff denied any overpayment. As we held in Division 1 of this opinion, the evidence of record shows as a matter of law that the parties reached an accord and satisfaction as to the amount due plaintiff for commissions earned during the course of his employment by defendant. "An accord and satisfaction is binding upon both parties." OCGA § 13-4-104. Defendant, having reached an accord and satisfaction with plaintiff for all commissions due plaintiff through December 31, 1982, may not, in the absence of fraud or undue influence, subsequently attack that agreement on the ground of unilateral mistake. See *Morris v. Seaboard Air-Line R.*, 23 Ga. App. 554 (99 SE 133) (1919). Compare *Sun Fed. Savings &c. Assn. v. Manny*, 156 Ga. App. 807 (1) (275 SE2d 661) (1980), wherein the evidence clearly showed no accord and satisfaction. Accordingly, the trial court properly overruled defendant's motion for summary judgment as to Count II of its counterclaim.

*Judgments affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985.

*L. Spencer Gandy, Jr.*, for appellant.

*Ezra B. Jones, W. Dennis Summers,* for appellee.