## 73038. FRANKLIN et al. v. CUMMINGS.
### (353 SE2d 626)

MCMURRAY, Presiding Judge.

James Cummings sued Roosevelt Franklin, the pastor, and Holy Trinity House of God, Inc. alleging the defendants are indebted to him for services rendered and materials supplied while repairing and painting defendant Holy Trinity House of God, Inc.'s church building. The defendants answered, denying the material allegations of the complaint. The case was tried before a jury and the following evidence, construed most favorably to support the verdict, was adduced: Plaintiff entered into an agreement with defendant Franklin to repair and paint defendant Holy Trinity House of God, Inc.'s church steeple. Plaintiff was to be paid $1,600 plus the cost of paint. Defendant Franklin was to choose the type of paint to be used on the project and, pursuant to this understanding, he directed plaintiff to use a high gloss oil base paint. Upon completion of the painting of the stee-

ple, defendant Franklin informed plaintiff that he was not satisfied with the appearance of the steeple. Plaintiff informed defendant Franklin that the high gloss oil base paint caused the unappealing appearance and to remedy the problem the high gloss paint would have to be removed by grinding the steeple to bare wood and repainting the surface with two coats of a flat base paint. Plaintiff informed defendant Franklin that the remedial work would involve use of additional equipment, labor and materials and would require a substantial increase in the price for his services. Defendant Franklin authorized the additional work and plaintiff performed the services.

Plaintiff was paid $1,000 at the outset of the original agreement. Upon completion of the remedial project, plaintiff was tendered two checks, one in the amount of $250 and the other in the amount of $400. Both checks were tendered bearing specific notations. The $250 check had the notation: "Pd. in full . . . No Bal. on Paint." The $400 check had the notation: "Pd. in full . . . No Bal. due." Upon receipt of the checks, plaintiff objected to the conditional notations, complaining that defendants owed him for the cost of the high gloss paint used on the original project and for the additional labor and materials expended on the remedial project. Defendant Holy Trinity House of God, Inc.'s church secretary, the agent who tendered the checks, informed plaintiff "that those checks were all he was going to get." Plaintiff accepted the checks and cashed them.

From this, and other evidence adduced at trial, the jury returned a verdict in favor of plaintiff in the principal amount of $2,528. Defendants' joint motion for new trial was denied and the trial court entered judgment on the jury's verdict. The defendants now appeal. *Held*:

Defendants contend that the jury's verdict was contrary to law because the undisputed evidence showed that the parties had reached an accord and satisfaction.

"OCGA § 13-4-101 defines what an accord and satisfaction is. OCGA § 13-4-103 (b), in essence, defines what an accord and satisfaction is not. '*Acceptance* by a creditor of a check, draft, or money order marked "payment in full" or with language of equivalent condition, in an amount less than the total indebtedness, shall *not* constitute an accord and satisfaction *unless*: (1) A bona fide dispute or controversy exists as to the amount due; or (2) Such payment is made pursuant to an independent agreement between the creditor and debtor that such payment shall satisfy the debt.' (Emphasis supplied.) OCGA § 13-4-103 (b)." *Sunbelt Life Ins. Co. v. Bank of Alapaha*, 176 Ga. App. 628, 629-630 (2) (337 SE2d 410).

In the case sub judice, defendants rely solely upon the conditional language upon the face of the checks as evincing the creation of an accord and satisfaction. This reliance is misplaced. "It is clear that

under the existing statutory framework, one cannot rely upon another's mere 'acceptance' of a check evincing limiting conditional language as constituting a completed accord and satisfaction. It must *also* be shown that, at the time of the tender, a bona fide dispute or controversy existed as to the amount due or that there was an independent agreement that acceptance of the check would satisfy the debt. See *Federal Ins. Co. v. Paulk*, 173 Ga. App. 266 (325 SE2d 886) (1985); *Carpet Transport v. TMS Ins. Agency*, 165 Ga. App. 734 (302 SE2d 421) (1983)." *Sunbelt Life Ins. Co. v. Bank of Alapaha*, 176 Ga. App. 628, 630 (2), supra.

In the case sub judice, there is no evidence in the record before this court showing that the parties entered into an agreement whereby acceptance of the checks by plaintiff would satisfy the debt. Further, there was no evidence showing that a bona fide dispute or controversy existed between the parties as to the amount owed to plaintiff until after the checks containing the conditional language were tendered. (In fact, there is no evidence showing that the parties even discussed payment of the debt before the checks containing the conditional language were tendered to plaintiff.) Consequently, since there is no evidence of a pre-existing bona fide controversy or of an independent agreement, plaintiff's acceptance of the checks, even with notice of the conditional language, does not as a matter of law, constitute an accord and satisfaction. *Sunbelt Life Ins. Co. v. Bank of Alapaha*, 176 Ga. App. 628, 629 (2), supra. Defendants' argument is without merit. The evidence, as stipulated by the parties, supports the jury's verdict.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED FEBRUARY 12, 1987.

*J. A. Powell, Jr.*, for appellants.
*J. Robert Sikes*, for appellee.