Shirley J. RHONE, et al., Plaintiffs,

v.

STATE AUTO MUTUAL INSURANCE COMPANY, Defendant and Third-party Plaintiff,

v.

F. William ALLEN,
Third-party Defendant.

Civ. A. Nos. 286–230 to 286–232.

United States District Court,
S.D. Georgia,
Brunswick Division.

June 18, 1987.

John T. McKnight, Brunswick, Ga., for plaintiffs.

David T. Whitworth, Randall M. Clark, Brunswick, Ga., for defendant.

## ORDER

ALAIMO, Chief Judge.

These are consolidated actions for the recovery of insurance benefits and punitive damages arising from defendant's alleged bad faith refusal to pay the full costs of chiropractic treatment rendered to plaintiffs. Defendant, State Auto Mutual Insurance Company ("State Auto"), moves for summary judgment on the grounds that, although defendant's check to plaintiffs' chiropractor was for less than the amount owed, the chiropractor's negotiation of that check bearing the language "Settlement in Full" constituted an accord and satisfaction of the debt, thereby extinguishing defendant's obligation to pay plaintiffs' bills. The evidence in the record demonstrates that the insurance company and plaintiffs' chiropractor were in a dispute over the alleged excessiveness of the charges for the treatment at the time defendant tendered a check to plaintiffs' chiropractor marked as payment in full. Under these circumstances, an accord and satisfaction is established as a matter of law and defendant's motion for summary judgment should, therefore, be granted.

## FACTUAL BACKGROUND

While stopped at a traffic light in Brunswick, Georgia, on February 9, 1986, Shirley J. Rhone's vehicle was struck from behind by a truck. With Shirley Rhone in the automobile were her minor daughter, Katasha Rhone, and another passenger, Inez Floyd. The three sought personal injury protection coverage under the policy of Shirley Rhone's husband, who was insured by State Auto. In the course of receiving medical treatment for injuries sustained in the accident, plaintiffs visited Dr. F. William Allen, a chiropractor in Brunswick, on April 2, 1986.

Over the next three months, plaintiffs each saw Dr. Allen between 32 and 34 times. They were discharged from his care as of June 20, 1986. For each plaintiff, Dr. Allen billed State Auto three separate times. State Auto paid the first two billings in full. However, throughout these months, State Auto expressed concern about the alleged excessiveness of Dr. Allen's charges for treatment. The record shows that Dr. Allen was aware that State Auto had considered some of his charges excessive, but Allen maintained that his charges were exceedingly reasonable, if not low. Evidence in the file shows that on April 28, 1986, Allen was informed by William Massey, State Auto's independent adjuster, that his charges were higher than those prevailing in the industry. Allen contends, and the record supports his contention, that State Auto sought further information in order to pay the claim. A letter from Massey to Allen dated June 13, 1986, is critical of Allen's treatment of plaintiffs, seeks justification for any further treatment and suggests again that Allen's charges for manipulation and x-rays are high.

On May 19, 1986, State Auto requested a firm called Chiropractic Consultants of Marietta, Georgia, to review Dr. Allen's bills and evaluate their reasonableness. The consulting firm found on June 5, 1986, that several of Allen's charges were excessive. In his deposition testimony, Dr. Allen admitted that a question had been raised as to the amount of his charges and that he did not agree with the insurance company that his charges were excessive. Dep. of Allen at 82. Allen testified that Massey assured him in a telephone conversation of August 5, 1986, that all his bills would be

paid in full, and this testimony is corroborated by a written notation of Allen's which appears in the record. However, Allen also testified that on August 11, 1986, Massey informed him that State Auto would pay only half of the amount of the remaining bills. Allen recalled the conversation as follows:

I told him I didn't see how they could do that, and he said "Well, that's all they are going to pay," and I said, "Well, send what they're going to pay and I'll take it from there," no way implying that I would accept less than full payment.

Dep. of Allen at 75.

Although Allen maintained in his deposition that his charges were never in "dispute," his testimony is that State Auto informed him of its questions concerning the amount of his charges; that he disagreed; that State Auto then informed him of its decision to pay less than the full amount of the charges; and he again disagreed. Dep. of Allen at 81–82.

Upon receiving State Auto's check bearing the language "Settlement in Full," Allen conferred with an attorney and decided to cash the check while striking out part of the payment-in-full language and writing in a restrictive endorsement of his own which said: "accepted as partial payment only." Allen has since sought payment from plaintiffs, in a total amount of $895. Consequently, plaintiffs have brought this suit against State Auto to recover the remaining charges, as well as punitive damages for defendant's alleged bad faith refusal to pay their claims. Defendant, meanwhile, has sued Dr. Allen as a third-party defendant, arguing that Allen's alleged breach of an agreement to accept less than the full amount has precipitated this lawsuit.

**DISCUSSION**

Under Georgia law, an accord and satisfaction in circumstances like those here presented is defined by statute. O.C.G.A. § 13–4–103 provides as follows:

(b) Acceptance by a creditor of a check draft, or money order marked "payment in full" or with language of equivalent condition, in an amount less than the total indebtedness, shall not constitute an accord and satisfaction unless:

(1) a bonafide dispute or controversy exists as to the amount due.

*See also* O.C.G.A. § 13–4–101. Since these cases arise under the Court's diversity jurisdiction, the Court must apply Georgia law to determine the substantive rights of the parties. *Goodwin v. George Fisher Foundry Systems, Inc.*, 769 F.2d 708 (11th Cir.1985). Georgia law requires that, in order for acceptance of a "payment-in-full" check to constitute an accord and satisfaction, a bona fide dispute or controversy must be found to have existed *before* the tendering of the check bearing the conditional language. *Franklin v. Cummings*, 181 Ga.App. 755, 757, 353 S.E.2d 626 (1987); *Sunbelt Life Ins. v. Bank of Alapaha*, 176 Ga.App. 628, 629, 337 S.E.2d 410 (1985). Plaintiffs contend that whether a dispute existed, and whether it was bona fide, are unanswered material questions of fact in need of jury determination. The record belies this contention.

Allen admits in his deposition testimony that he was aware that State Auto considered some of his charges excessive, while he considered them reasonable. In admitting this difference of opinion, Allen concedes the existence of a dispute prior to the tender of the check. Moreover, on August 11, 1986, when Allen was informed that State Auto intended to pay only about half of the amount due in his remaining bills, any prior assurances given to Allen that State Auto would pay in full were clearly revoked and Allen was again put on notice of a dispute pertaining to the legitimacy of his charges. This record presents no genuine issue of material fact as to the existence of a bona fide dispute regarding the amount due prior to the tender of the "full payment" check.

Although Dr. Allen altered State Auto's language of condition, that alteration has no legal effect on the establishment of an accord and satisfaction. In cashing the check, Dr. Allen accepted the condition of full settlement, regardless of his attempt to erase or alter that condition. *Anderson v. Shelby Mutual Insurance Co.*, 237 Ga.

**1434**

687, 690, 229 S.E.2d 462 (1976); *Hartline-Thomas, Inc. v. H.W. Ivey & Co.*, 161 Ga. App. 91, 94, 289 S.E.2d 296 (1982), *quoting Thompson v. Hecht*, 110 Ga.App. 505, 506–07, 139 S.E.2d 126 (1964) (" 'The erasure or alteration of the condition expressed in the check by the creditor, without notice and assent by the debtor, will not prevent its acceptance from constituting an accord and satisfaction.... ' "). Albeit plaintiffs contend that the special nature of the check given to Allen gave State Auto at least constructive notice of Allen's alteration (because it was returned to State Auto before being credited to Allen's account), such notice does not allow the inference of assent, cannot support plaintiffs' theory that the alteration was a "counteroffer" and, in fact, is mitigated by the fact that defendant would have been justified in assuming that the alteration carried no legal force.

Finally, plaintiff's contention that O.C. G.A. § 11–1–207 operates to give legal effect to Dr. Allen's reservation of his rights against plaintiffs is inapposite. The Georgia Court of Appeals has held that this section does not permit the reservation of rights where an accord and satisfaction has been reached through the negotiation of a full-payment check. *American Food Purveyors Inc., v. Lindsay Meats, Inc.*, 153 Ga.App. 383, 384, 265 S.E.2d 325 (1980), *citing Anderson v. Shelby Mutual Insurance Co., supra* (Court of Appeals questioned "the soundness" of this authority, but held that *Anderson* precluded the application of O.C.G.A. § 11–1–207).

On the basis of the evidence in the record, the Court concludes that a bona fide dispute existed between Dr. Allen and State Auto regarding the alleged excessiveness of Allen's fees. Although Allen was informed that State Auto intended to pay less than the full amount of his final bills to plaintiffs, he nevertheless cashed State Auto's full-payment check, creating an accord and satisfaction of the debt. While the existence of an accord and satisfaction is commonly found to be an issue of fact for the jury, where the material facts necessary to establish it are not in dispute, an accord and satisfaction may be found as a matter of law. *See Mobley v. Fulton Roof-*ing Co., 173 Ga.App. 563, 327 S.E.2d 540 (1985). In this case, the evidence in the record evinces no genuine issue as to those material facts.

## CONCLUSION

Defendant has borne its burden of proof in establishing that there is no genuine issue of material fact. Accordingly, defendant's motion for summary judgment is hereby GRANTED. The Clerk of the Court is directed to enter appropriate judgments.