Shirley J. RHONE, et al.,
Plaintiffs–Appellants,

v.

STATE AUTO MUTUAL INSURANCE CO., Defendant–Third Party Plaintiff–Appellee,

F. William Allen, Third–Party Defendant.

No. 87–8564.

United States Court of Appeals, Eleventh Circuit.

Oct. 27, 1988.

John T. McKnight, R. Michael Souther, Brunswick, Ga., for plaintiffs-appellants.

Charles Gowen Spalding, Fendig, McLemore, Taylor & Whitworth, David T. Whitworth, Brunswick, Ga., for defendant-third party plaintiff-appellee.

Before VANCE and HATCHETT, Circuit Judges, and NESBITT *, District Judge.

HATCHETT, Circuit Judge:

In this diversity jurisdiction case, we affirm the district court's ruling that the acceptance of an insurance draft during a dispute regarding the amount due for services constitutes an accord and satisfaction under Georgia law.

The appellants, Shirley Rhone, her minor daughter, and another passenger suffered injuries when a truck struck the vehicle in which they were riding. State Auto Mutual Insurance Co. (State Auto), the appellee, provided personal injury coverage under an insurance policy. Dr. F. William Allen, a chiropractor, provided treatment to Rhone and the other two passengers injured in the accident.

Rhone, her daughter, and the passenger visited Dr. Allen between thirty-two and thirty-four times over a three-month period. For each patient, Dr. Allen billed State Auto three times. After paying the first two billings in full, State Auto expressed concern about whether Dr. Allen's charges for treatments were excessive. On April 28, 1986, William Massey, State Auto's independent claims adjuster, advised Dr. Allen that his charges were higher than those prevailing in the industry. To support this assertion, State Auto hired Chiropractic Consultants, Inc. to evaluate Dr. Allen's billings. In a report dated June 5, 1986, the consulting firm advised State Auto that Dr. Allen's billings were excessive. In a telephone conversation with Dr. Allen, Massey reiterated State Auto's belief that Dr. Allen's billings were excessive and offered partial payment to settle the account. After this conversation, Massey issued a draft for $864 payable to Dr. Allen. On the face of the draft, State Auto noted the total amount allocated to each claim, and typed on the draft "settlement in full." On the reverse side, the draft expressed language of settlement and release.[1]

Upon receipt of the draft, Dr. Allen conferred with a lawyer regarding the effect of the "settlement in full" language. Thereafter, Dr. Allen, in negotiating the draft, struck out the word "full," where it modified the word "settlement," and added a restrictive endorsement, to wit: "Accepted as partial payment only." Dr. Allen then sought payment from the appellants totaling $895.

PROCEDURAL HISTORY

Rhone and the other injured passengers filed three separate actions against State Auto in the United States District Court for the Southern District of Georgia, Brunswick Division. Each action sought damages from State Auto to recover medical expenses incurred for treatment, and punitive damages for alleged bad faith refusal to pay pursuant to the Georgia Motor Vehicle Accident Reparations Act. Ga. Code Ann. § 33–34–6 (1982). In its answer to each complaint, State Auto denied that additional benefits were due under the policy, and pleaded the affirmative defense of accord and satisfaction. The district court granted State Auto's motion for leave to add Dr. Allen as a third party defendant in each of the cases. State Auto then filed its third party complaint against Dr. Allen and

---

* Honorable Lenore C. Nesbitt, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. The settlement and release language states: "The endorsement of this draft by the payee constitutes a clear release and full settlement of the claim or account shown on the other side."

moved the district court to consolidate the three actions. Finding that common questions of fact and law were present in all three cases, the district court granted State Auto's motion to consolidate. Thereafter, State Auto filed a motion for summary judgment contending that Dr. Allen's acceptance of the draft fulfilled its obligations to the appellants under the policy. Finding that the debt had been satisfied, the district court entered summary judgment in favor of State Auto. 664 F.Supp. 1431.

The issues are: (1) whether the district court correctly found that Dr. Allen's restrictive endorsement on the reverse side of the draft does not constitute a reservation of rights under Georgia law; and (2) whether the district court correctly granted State Auto's motion for summary judgment based upon the defense of accord and satisfaction.

## DISCUSSION

This case arose under diversity jurisdiction, and we must apply Georgia law to determine the substantive rights of the parties. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, *reh'g denied,* 305 U.S. 673, 59 S.Ct. 229, 83 L.Ed. 436 (1938); *Goodwin v. George Fischer Foundry Systems, Inc.,* 769 F.2d 708, 711 (11th Cir.1985). A federal court sitting in diversity should "reach the same result as the state court would reach in deciding the identical issue." *Goodwin,* 769 F.2d at 711 (citing *Trimper v. Nationwide Insurance Co.,* 540 F.Supp. 1188, 1192 (D.S.C.1982)).

To prevail on a motion for summary judgment, the movant must establish the absence of a genuine issue of fact, such that the movant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *American Viking Contractors, Inc. v. Scribner Equip. Co.,* 745 F.2d 1365, 1369 (11th Cir.1984); *Mobley v. Fulton Roofing Co.,* 173 Ga.App. 563, 327 S.E.2d 540, 542 (1985). "Once the moving party has sufficiently supported [the] motion for summary judgment, the opposing party must come forward with significant probative evidence demonstrating the existence of a triable issue of fact." *Scribner Equip. Co.,* 745 F.2d at 1369 (citing *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir.1978)).[2]

### The Restrictive Endorsement

■ Dr. Allen altered the restrictive language on the draft. In *Hartline–Thomas, Inc. v. H.W. Ivey Construction Co.,* 161 Ga.App. 91, 289 S.E.2d 296 (1982), the court noted that "erasure or alteration of the condition expressed in a check by a creditor, without notice to and assent by the debtor, will not prevent its acceptance from constituting an accord and satisfaction...." *Hartline–Thomas,* 289 S.E.2d at 299 (quoting *Thompson v. Hecht,* 110 Ga.App. 505, 139 S.E.2d 126, 128 (1964)); *see also American Food Purveyors v. Lindsay Meats,* 153 Ga.App. 383, 265 S.E.2d 325, 326 (1980). Under Georgia law, Dr. Allen's restrictive endorsement had no effect.

■ The appellants also contend that because Dr. Allen altered the condition expressed on the draft, he expressly reserved his rights against State Auto pursuant to Ga.Code Ann. § 11–1–207 (1982) (U.C.C. § 1–207). This section provides that:

A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest,' or the like are sufficient.

Georgia case authority has refused application of section 11–1–207. In *American Food Purveyors,* the Georgia Court of Appeals held that section 11–1–207 does not permit the reservation of rights where an accord and satisfaction has been reached through the negotiation of a full-payment check. *American Food Purveyors,* 265 S.E.2d at 326. Although the court in *American Food Purveyors* questioned the

---

**2.** *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (in banc).

soundness of this doctrine, the court noted that prior precedent precluded application of section 11-1-207. *See Anderson v. Shelby Mutual Insurance Co.*, 237 Ga. 687, 229 S.E.2d 462, 464 (1976) (where the court upheld the traditional rule that a party who cashed a check which contained a "payment in full" condition could not circumvent an accord and satisfaction through protest or alteration of that condition).[3] As stated earlier, a federal court in a diversity case is required to apply the law of the state in which the federal court sits. Therefore, we are required, as was the district court, to function as a Georgia court in deciding the issues presented in this case. *Goodwin*, 769 F.2d at 711. Because Georgia law precludes application of section 11-1-207, we hold that "[Allen] could not both deposit the check and reserve [his] rights ... by striking out the [instrument's] 'payment in full' notation...." *American Food Purveyors*, 265 S.E.2d at 326; *Anderson*, 229 S.E.2d at 464.

### Accord and Satisfaction

In Georgia, "an accord and satisfaction exists when the parties to an original agreement satisfy their obligations under that agreement by a subsequent agreement." *Scribner Equip. Co.*, 745 F.2d at 1370. Ga.Code Ann. § 13-4-103 (1982) provides in pertinent part that:

Acceptance by a creditor of a check, draft, or money order marked 'payment in full' or with language of equivalent condition, in an amount less than the total indebtedness, shall not constitute an accord and satisfaction unless:

1. a bona fide dispute or controversy exists as to the amount due; *or*

2. such payment is made pursuant to an independent agreement between the

creditor and the debtor that such payment shall satisfy the debt. [Emphasis added.]

Ga.Code Ann. § 13-4-103(b); *see also* Ga. Code Ann. § 13-4-101 (1982); *Hall v. Time Insurance Co.*, 854 F.2d 440, 441-42 (11th Cir.1988) (per curiam) (where this court applied the Georgia Statute construing situations to which accord and satisfaction may apply). In effect, it does not matter whether the tender be of check or cash; if the sum is accepted in full settlement of the total indebtedness, accord and satisfaction will result. *Studstill v. American Oil Company*, 126 Ga.App. 722, 191 S.E.2d 538, 540 (1972), *aff'd*, 230 Ga. 305, 196 S.E.2d 847 (1973). Georgia law requires that a bona fide dispute or controversy exist as to the amount due before the tendering of the check or "an independent agreement that acceptance of the check would satisfy the debt." *Franklin v. Cummings*, 181 Ga.App. 755, 353 S.E.2d 626, 627-28 (1987); *Hall*, at 441; *Sunbelt Life Insurance v. Bank of Alapaha*, 176 Ga.App. 628, 337 S.E.2d 410, 412 (1985); Ga.Code Ann. § 13-4-103(b).[4]

Rhone and the other passengers contend that the district court erred in finding, as a matter of law, that a bona fide dispute existed between Dr. Allen and State Auto prior to the tender of the full-payment draft. Further, they contend that the question of whether a bona fide dispute exists is a material question of fact warranting jury determination.

State Auto contends that summary judgment is proper because no genuine issue of material fact exists with regard to a bona fide dispute. The district court held for State Auto finding that "a bona fide dispute existed between Dr. Allen and State Auto regarding the alleged excessiveness of Allen's fees.... [Further,] the evidence in the record evinces no genuine issue as to

**3.** The court in *American Food Purveyors* notes that considerable controversy exists among the jurisdictions as to whether UCC § 1-207 (Ga. Code Ann. § 11-1-207) applies when a party obliterates the "payment in full" notation on a check. Several courts have accepted the view that UCC § 1-207 affords creditors the opportunity to explicitly reserve their rights prior to acceptance of a check thereby avoiding an accord and satisfaction. *See generally* Annotation,

Application of UCC § 1-207 to Avoid Discharge of Disputed Claim Upon Qualified Acceptance of Check Tendered as Payment in Full, 37 A.L.R. 4th 358 (1985).

**4.** *See* Annotation, Modern Status of Rule that Acceptance of Check Purporting to be Final Settlement of Disputed Amount Constitutes Accord and Satisfaction, 42 A.L.R. 4th 12 (1985).

those material facts." *Rhone v. State Auto Mutual Insurance*, 664 F.Supp. 1431, 1434 (S.D.Ga.1987).

As the district court correctly noted, State Auto had continually expressed concern over the excessiveness of Dr. Allen's charges for treatment. Dr. Allen, in his deposition, acknowledged that State Auto considered his charges to be excessive, while he considered them reasonable.[5] Allen concedes in his deposition that a dispute existed prior to tender of the draft. Chiropractic Consultants evaluated Dr. Allen's charges and found them higher than those customary in the profession. Notwithstanding State Auto's attempt to persuade Dr. Allen to reduce his charges, he maintained that the charges were not excessive. As the deposition testimony indicates, a dispute concerning the charges had arisen in April of 1986 and continued to grow as State Auto received confirmation from the consulting firm that Allen's charges were excessive.

■ Moreover, on August 11, 1986, State Auto advised Allen that it was offering partial payment for the charges in full settlement of them.[6] Given the testimony, we conclude, as did the district court, that as a matter of law, State Auto and Dr. Allen had a dispute regarding the legitimacy of his charges.

In *Hartline–Thomas, Inc. v. H.W. Ivey Construction Co., Inc.*, 161 Ga.App. 91, 289 S.E.2d 296 (1982), the court examined the rule concerning accord and satisfaction. The court noted that:

It is by now the law of this state that if a debtor remits to the creditor a sum of money, less than the amount claimed due, upon the condition, either express or implied, that it is in satisfaction of the creditor's claim, and the latter accepts and retains the money, an accord and satisfaction results.... The reason of this rule is that payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition.... If he accepts it, he accepts the condition also, notwithstanding any protest he may make to the contrary.... [Citations omitted.]

*Hartline–Thomas*, 289 S.E.2d at 299. In this case, State Auto issued a draft in the amount of $864, payable to Dr. Allen. On the face of the draft, each individual claim was set out, along with the language, "settlement in full." Further, State Auto posted language of settlement and release on the reverse side of the draft. Cognizant of this fact, Dr. Allen then altered the restrictive endorsement on the draft, and negotiated it. This constitutes an accord and satisfaction. *Hartline–Thomas*, 289 S.E. 2d at 299; *Franklin*, 353 S.E.2d at 627–28; *Studstill*, 191 S.E.2d at 540; *see also Rivers v. Cole Corp.*, 86 Ga.App. 469, 71 S.E. 2d 712, 714 *rev'd on other grounds*, 209 Ga. 406, 73 S.E.2d 196 (1952) (where the court held that a bona fide dispute, even without merit, constitutes an accord and satisfaction over amount due).

■ In Georgia, an accord and satisfaction is itself a contract and must have all the elements of a *de novo* contract. An accord and satisfaction requires a meeting of the minds, and is generally a question

---

5. In Dr. Allen's deposition on February 19, 1987, the following examination transpired:

Q: There had, obviously from the April memorandum, been previous discussions between you and Mr. Massey about the amount of your charges, though?
A: Correct.
Q: And it had been made known to you that State Auto Mutual was questioning the amount of some of those charges?
A: No. What it appeared to me was, they were just trying to get the bill lowered. They didn't actually say 'Your office visits are too high.' I believe there was some discussion about the x-rays being too high; I think they probably are pretty well standard for the profession.

6. Allen recalled the conversation in his deposition as follows:

Q: Do you recall having a conversation with Mr. Massey on August 11th, 1986 or at any other time when you indicated that you were accepting partial payment?
A. That conversation I remember. He told me that they were going to pay half of that bill. I told him I didn't see how they could do that, and he said, 'Well that's all they are going to pay,' and I said, 'Well, send what they're going to pay and I'll take it from there,' no way implying that I would accept less than full payment.

**1512**

for a jury. *ADP–Financial Computer Services, Inc. v. First National Bank of Cobb County*, 703 F.2d 1261, 1265, *reh'g denied*, 708 F.2d 734 (11th Cir.1983). Nevertheless, when the moving party presents evidence showing no genuine issue of material fact, and the adverse party fails to set forth a genuine issue for trial, then summary judgment is proper. *Scribner Equip. Co.*, 745 F.2d at 1369; *Mobley*, 327 S.E.2d at 542. The record indicates that State Auto gave the final draft in full settlement of the disputed claim. Dr. Allen's conversations with the claims adjuster, the restrictive language on the check, and its negotiation constitute sufficient knowledge that State Auto submitted the draft in full satisfaction of the claim. Given the authority and facts presented, the acceptance of the draft and retention of the proceeds amounted to an accord and satisfaction as a matter of law, and the district court properly granted State Auto's motion for summary judgment. *Mobley*, 327 S.E. 2d at 542; Ga.Code Ann. § 13–4–103(b).

CONCLUSION

Georgia law provides an accord and satisfaction when a debtor remits to a creditor a sum of money, less than the amount claimed due, and the creditor accepts and retains the money in spite of the existence of a bona fide dispute. Because we find an accord and satisfaction pursuant to section 13–4–103(b)(1), we need not examine whether an independent agreement was made between the parties. *See* Ga.Code Ann. § 13–4–103(b)(2). Further, Georgia law teaches that an accord and satisfaction obliterates a debt, thereby effectively precluding Dr. Allen's claim of $895 against Rhone. *Waters v. Lanier*, 116 Ga.App. 471, 157 S.E.2d 796 (1967). An accord and satisfaction bars any further recourse as to such claims. *Studstill*, 191 S.E.2d at 540; *Reese v. Brown*, 93 Ga.App. 10, 90 S.E.2d 683, 684 (1956).

Accordingly, the district court's decision is affirmed.

AFFIRMED.